UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
NOVAL WILLIAMS FILMS LLC,

                  *Plaintiff*,

           - against -

JOHN BRANCA and JOHN McCLAIN, EXECUTORS
OF THE ESTATE OF MICAEL J. JACKSON,

                  *Defendants.*
------------------------------------------------x

14 Civ. 4711 (PAC)

**MEMORANDUM & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Noval Williams Films (NWF) sued the executors of Michael J. Jackson's estate ("the Estate") seeking a declaration that NWF has not infringed any copyrights concerning photos and footage included in a documentary film NWF produced. NWF moves to dismiss one of the Estate's counterclaims and two of its affirmative defenses. The Court denies the motion.

The Estate's amended responsive pleadings state one counterclaim and several affirmative defenses, two of which are relevant here. The counterclaim seeks a declaration that "the Estate owns the Footage and all rights therein, and/or that Plaintiff cannot commercially exploit the Footage without the Estate's approval, consent, and/or involvement." Amended Counter Claim ¶ 33. The Estate's seventh affirmative defense asserts that NWF failed to properly register the alleged copyrights at issue; the eighth affirmative defense asserts that NWF committed fraud in registering those copyrights. Amended Answer ¶¶ 84–85.

NWF argues that the Estate's counterclaim for declaratory relief should be dismissed because it is barred by the Copyright Act's three-year statute of limitations. This argument fails for two reasons. First, the Court construes the counterclaim, which alleges Jackson entered into an oral agreement with the filmmaker restricting his use of the footage, as sounding in contract and thus

1


falling under New York's six-year statute of limitations.[1] Second, even if the claim did fall under the Copyright Act, whether Jackson or the Estate had inquiry notice presents questions of fact, which the Court cannot resolve at the pleading stage.

NWF argues that the Estate's seventh affirmative defense (improper registration) is not adequately pleaded. NWF failed to raise this objection in its premotion letter or at conference and has thus failed to comply with the Court's Individual Rule 3.A. But even if it had complied with the Court's rules, its argument would fail. The Estate's amended answer adequately pleads that NWF has improperly registered its copyright in the film because the film contains infringing photographs owned by companies wholly owned by the Estate. *See, e.g.*, Amended Answer ¶ 67.

NWF argues that the Estate's eighth affirmative defense (fraud in registration) does not satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for fraud. The Court notes that courts in this Circuit tend to read Rule 9(b)'s requirements permissively where it is pleaded that the adverse party is in exclusive control of the documents and information necessary to plead the fraud with greater particularity. *See, e.g., Berk v. Tradewell, Inc.*, 2003 WL 21664679, at *3 (S.D.N.Y. July 16, 2003). Here, defendants pleaded the time, place, speaker, and content of the alleged misrepresentation by pleading the registration numbers of the copyrights, and they sufficiently identified which photographs are at issue. They further allege that plaintiffs have exclusive control of all other information necessary to plead the fraud with greater particularity. The pleadings are thus adequate to state the affirmative defense.

---

[1] NWF's statute-of-frauds argument is meritless. The question is whether it would be possible to perform the contract within one year. *See Stevens v. Perrigo*, 122 A.D.3d 1430, 1431 (N.Y. Ct. App. 4th Dep't 2014). The counterclaim alleges that Jackson permitted the filmmaker to take footage so long as the filmmaker did not commercially exploit the footage without Jackson's approval, consent, or involvement. Of course, Jackson did not give his approval, consent, or involvement within one year, but it is indisputable that he could have.

The Court DENIES NWF's Consolidated Fed. R. Civ. P. 12 Motion. The Clerk is directed to terminate the motion at Doc. No. 55.

Dated: New York, New York
February 9, 2016

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge