UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

NOVAL WILLIAMS FILMS LLC,

           Plaintiff,

-against-

JOHN BRANCA and JOHN MCCLAIN,
EXECUTORS OF THE ESTATE OF MICHAEL J.
JACKSON,

           Defendants.

------------------------------------X

Case No. 1:14-cv-04711-PAC

## REDACTED STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE EXECUTORS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

## UNREDACTED VERSION FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Howard Weitzman
(*pro hac vice*)
Jeremiah T. Reynolds
(*pro hac vice*)
Joshua M. Rosenberg
(*pro hac vice*)
KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850
Email: hweitzman@kwikalaw.com
      jreynolds@kwikalaw.com
      jrosenberg@kwikalaw.com

Jerry D. Bernstein (JB7631)
Rither Alabre (RA9280)
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212.885.5000
Facsimile: 917.332.3766
Email: jbernstein@BlankRome.com
      ralabre@BlankRome.com

*Attorneys for Defendants and Counterclaimants John Branca and John McClain,
Executors of the Estate of Michael J. Jackson*

Defendants and Counterclaimants John Branca and John McClain as Executors of the Estate of Michael J. Jackson (the "Executors" or the "Estate"), pursuant to Rule 56.1 of the Local Rules of the Southern and Eastern Districts of New York, respectfully submit this statement of material facts for which there is no genuine issue to be tried in support of their motion for summary judgment or, in the alternative, summary adjudication, on the claims brought against the Executors by Plaintiff Noval Williams Films LLC ("Plaintiff").

## A. The Executors' Pre-Litigation Communications

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | On or around May 15, 2014, the Estate learned from public sources that Craig Williams and Lightning Entertainment ("Lightning") were exploiting a film about Michael Jackson which features a "behind the scenes" look of Jackson's photo shoots in 2007 with Vogue and Ebony magazines. | Declaration of Karen Langford dated April 24, 2017 filed in support of the Executors' motion for summary judgment or, in the alternative, summary adjudication ("Langford Decl."), ¶ 10, Ex. H |
| 2. | Michael Jackson's custom and practice had been at all material times to control ownership and exploitation of video footage and photographs taken of him in a private setting. | Declaration of Evvy Tavasci dated September 20, 2016 filed in support of the Executors' motion for summary judgment or, in the alternative, summary adjudication ("Tavasci Decl."), ¶¶ 3-5; Langford Decl., ¶¶ 4-6, 11 |
| 3. | Michael Jackson's custom and practice was that such footage was shot either as a work-for-hire for Jackson, or subject to a nondisclosure agreement with Jackson (or both). | Langford Decl., ¶¶ 5, 11 |
| 4. | Based on Jackson's custom and practice, the Estate believed (and continues to believe) that the "behind the scenes" footage in the film "Michael: The Last Photo Shoots" (the "Film") was shot by someone who was hired by Jackson, and that such footage could only be publicly | Langford Decl., ¶¶ 4-6, 11-12 |

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|-----|--------------------------|---------------------|
|     | and commercially exploited with his or the Estate's consent. | |
| 5.  | The Estate's belief that Craig Williams and Lightning did not have the right to exploit the footage (the "Footage") in the Film was bolstered by the timing of the decision to exploit footage that was allegedly created in 2007, yet not publicly and commercially exploited until 2014, five years after Jackson's death in 2009. | Langford Decl., ¶ 12 |
| 6.  | The Estate has a duty to protect its intellectual property and to prevent unauthorized exploitation of images of Michael Jackson. | Langford Decl., ¶ 12 |
| 7.  | On May 20, 2014, the Estate's attorneys sent a letter to Craig Williams and Lightning setting forth the Estate's foregoing contentions and requesting a copy of the Film to further examine the Estate's rights in the Film. | Declaration of Howard Weitzman dated April 28, 2017 filed in support of the Executors' motion for summary judgment or, in the alternative, summary adjudication ("Weitzman Decl."), ¶ 4, Ex. C<br><br>Declaration of Joshua M. Rosenberg dated April 28, 2017 filed in support of the Executors' motion for summary judgment or, in the alternative, summary adjudication ("Rosenberg Decl."), Ex. 15, Ex. R (Williams Depo. Tr. at 147:20-148:24), Ex. S (Markovich Depo. Tr. at 161:8-162:5) |
| 8.  | The Estate's first letter, sent to Williams and Lightning on May 20, 2014, was based on the Estate's knowledge from public sources about the Film and on the Estate's knowledge of Jackson's custom and practice regarding video footage capturing his image. | Weitzman Decl., ¶¶ 4, 9, Ex. C;<br><br>Rosenberg Decl., Ex. 15;<br><br>Tavasci Decl., ¶¶ 3-5;<br><br>Langford Decl., ¶¶ 4-6, 10-12 |
| 9.  | On May 28, 2014, Ray Markovich, one of Plaintiff's managers, sent a letter to the Estate explaining how Plaintiff obtained the Footage, what the Footage actually | Weitzman Decl., Ex. D;<br><br>Rosenberg Decl., Ex. 16, Ex. R (Williams Depo. Tr. at 153:11-25), Ex. |

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
|  | contained, and why Plaintiff believed it could exploit the Footage. | S (Markovich Depo. Tr. at 46:6-47:23, 163:5-164:3) |
| 10. | On June 11, 2014, the Estate sent a response letter to Markovich and Williams further explaining the Estate's position regarding its rights in the Footage, and again requested a copy of the Film. | Weitzman Decl., ¶ 6, Ex. E; Rosenberg Decl., Ex. 17, Ex. S (Markovich Depo. Tr. at 164:4-165:6) |
| 11. | The Estate's second letter, sent to Plaintiff on June 11, 2014, was informed by further investigation into allegations set forth in Plaintiff's May 28, 2014 letter. | Rosenberg Decl., Exs. 16, 17; Langford Decl., ¶¶ 13-15, Ex. I |
| 12. | On June 12, 2014, Lightning provided a DVD copy of the Film to the Estate. | Weitzman Decl., ¶ 7 |
| 13. | The Estate reviewed the Film and found it indeed contained private footage of Jackson that the Estate believed could not be publicly and commercially exploited without the Estate's consent, including but not limited to sensitive footage of Jackson in his private dressing room. | Langford Decl., ¶ 16 |
| 14. | The Estate also believes the Film contains photographs (the "Photographs") in which companies wholly owned by the Estate – Triumph International, Inc. ("Triumph") and Optimum Productions ("Optimum") – own the copyrights. | Langford Decl., ¶17, Exs. J, K; Rosenberg Decl., Exs. 10-11, Ex. R (Williams Depo. Tr. at 120:17-121:15, 124:11-126:8) |
| 15. | To protect the legal rights and economic interests of the Estate in good faith, as the Estate has previously and successfully done in matters involving the unauthorized exploitation of Jackson's image and the Estate's intellectual property, and to fulfill their duties to the Estate and to protect its assets (which was the case for all of their pre-litigation letters at issue here), the Executors sent cease-and-desist letters to Lightning and to Plaintiff on June 17 and 18, 2014, | Weitzman Decl., ¶¶ 3, 8, 9, Exs. F, G; Langford Decl., ¶¶ 20-21; Rosenberg Decl., Ex. 18, Ex. R (Williams Depo. Tr. at 160:2-18), Ex. S (Markovich Depo. Tr. at 177:9-25). |

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | respectively. | |
| 16. | The Estate's final letters were cease-and-desist letters sent to Plaintiff and Lightning on June 17 and 18, 2014, which mirror the Executors' counterclaim and affirmative defenses in this case regarding the Photographs and the Footage. | *Compare* Weitzman Decl., Exs. F, G *with* Rosenberg Decl., Ex. M at pp. 13-14 (¶¶ 84-85), pp. 17-22 (¶¶ 8-33) |
| 17. | All of the letters sent by the Executors were sent in good faith to fulfill their duties as Executors of the Estate and to protect the assets of the Estate. | Langford Decl., ¶¶ 20-21; Weitzman Decl., ¶¶ 3, 9 |
| 18. | The Estate has routinely enforced its rights against unauthorized uses of Michael Jackson's name, likeness, images, and intellectual property, and against any violations of agreements regarding the same. | Langford Decl., ¶¶ 20-21; Weitzman Decl., ¶¶ 3, 9 |
| 19. | In sending their letters in May and June of 2014 to Plaintiff and Lightning, the Executors and their attorneys relied on California Civil Code section 47. | Weitzman Decl., ¶ 9 |
| 20. | The Executors are domiciled in California, the Estate is being administered in California, the Executors' letters were sent by California counsel, and Lightning (the third party whose contract with Plaintiff was allegedly interfered with) is based in California and received the letters in California. | Langford Decl., ¶¶ 7-8; Weitzman Decl., Exs. C, E, F, G; Rosenberg Decl., Exs. P, 12, 15, 17, 18) |
| 21. | All of Plaintiff's members and managers reside in California, and Plaintiff has admitted that its *only* connection to New York is that it is registered as an LLC in New York. | Rosenberg Decl., Ex. R (Williams Depo. Tr. at 103:6-17, 103:25-104:16, 118:3-19) |

## B. The Lightning Termination

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 22. | [REDACTED] | Rosenberg Decl., Ex. 12, Ex. S (Markovich Depo. Tr. at 83:23-87:10) |
| 23. | [REDACTED] | Rosenberg Decl., Ex. 12 at § 4.1, 4.2, Agreement Exhibit A (NWF000182, 194-195) |
| 24. | [REDACTED] | Declaration of AnaLisa Valle dated October 12, 2016 filed in support of the Executors' motion for summary judgment or, in the alternative, summary adjudication ("Valle Decl."), ¶ 2, Ex. A at p. 2 (NWF000542); Rosenberg Decl., Ex. 13, Ex. S [Markovich Depo. Tr. at 91:21-92:14, 94:10-20]) |
| 25. | [REDACTED] | Valle Decl., Ex. A at 2 (NWF000542); Rosenberg Decl., Ex. 13 at 2 |
| 26. | By June 26, 2014, Plaintiff did not deliver all of the items to Lightning listed on page 2 of Lightning's May 27, 2014 letter, nor did Plaintiff receive any acknowledgment from Lightning that the breach had been cured and all items had been delivered. | Rosenberg Decl., Ex. S (Markovich Depo. Tr. at 101:10-23, 146:10-21) |
| 27. | [REDACTED] | Valle Decl., ¶ 3, Ex. B; Rosenberg Decl., Ex. 14, Ex. S (Markovich Depo. Tr. at 99:5-100:8) |

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 28. | [redacted] | Valle Decl., ¶ 3, Ex. B; Rosenberg Decl., Ex. 14 |
| 29. | [redacted] | Valle Decl., ¶ 3, Ex. B; Rosenberg Decl., Ex. 14 |
| 30. | [redacted] | Valle Decl., ¶ 3, Ex. B; Rosenberg Decl., Ex. 14 |

### C. The Footage At Issue

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 31. | H. Hasaun Muhammad ("Muhammad") has not been deposed in this case and Plaintiff has not produced any declarations or affidavits from Muhammad. | Rosenberg Decl., ¶ 13 |
| 32. | The only document that Plaintiff relies on to assert that Muhammad was the initial owner of the Footage and could exploit it without Jackson's consent is a one page, purported "Video/Photographic Work-For-Hire Agreement" dated September 24, 2007 (the "2007 Agreement") that is attached as an exhibit to the 2013 Content | Rosenberg Decl., ¶ 14, Ex. 5[1] at p. 7, Ex. R (Williams Depo. Tr. at 35:6-11, 36:6-14, 45:3-46:5, 87:8-95:22, 97:4-10, 112:21-113:9); Ex. L at ¶ 44 |

---

[1] As set forth in Paragraph 14 of the Rosenberg Declaration, the Executors have attached Exhibit 5 solely to challenge its admissibility and authenticity, including the 2007 Agreement attached as the last page of Exhibit 5. Exhibit 5 is also attached as "Exhibit D" to Plaintiff's Amended Complaint (Plaintiff's Amended Complaint is attached as Exhibit L to the Rosenberg Declaration).

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
|  | Acquisition Agreement wherein Muhammad allegedly transferred the Footage to Williams. |  |
| 33. | The two purported signatories to the 2007 Agreement are Muhammad and Matthew Akers. | Rosenberg Decl., ¶ 14, Ex. 5 at p. 7 |
| 34. | Craig J. Williams and Raymond J. Markovich – who are both "managers" of Plaintiff and its authorized agents – were offered by Plaintiff as its FRCP 30(b)(6) designees, and both admittedly cannot authenticate Muhammad's or Akers' purported signatures on the 2007 Agreement. | Rosenberg Decl., Ex. R (Williams Depo. Tr. at 11:14-23, 49:15-17, 87:8-95:22, 103:6-17, 103:25-104:2), Ex. S (Markovich Depo. Tr. at 9:5-11:19, 22:1-18, 69:23-70:8, 76:22-77:18) |
| 35. | The 2007 Agreement makes no reference whatsoever to the "work" being commissioned. | Rosenberg Decl., ¶ 14, Ex. 5 at p. 7 |
| 36. | There is no mention of Michael Jackson in the 2007 Agreement nor the photo shoots that are the subject of the Footage. | Rosenberg Decl., ¶ 14, Ex. 5 at p. 7 |
| 37. | Muhammad and his company, Ambassadors Media, Marketing & Management Group LLC, are defined in the 2007 Agreement as "Client"; Matthew Akers is defined in that agreement as "Photographer/Videographer"; and the 2007 Agreement states that "[t]he undersigned parties agreement that all rights, copyrights, titles, and interest in any photographs or video footage taken by photographer/videographer, on behalf of Client belong solely and exclusively to the **Owner** free from any claims whatsoever by the Photographer/Videographer." | Rosenberg Decl., ¶ 14, Ex. 5 at p. 7 (emphasis added) |
| 38. | Williams and Markovich admittedly have no personal knowledge regarding the circumstances surrounding the creation, negotiation, and execution of the 2007 | Rosenberg Decl. Ex. R (Williams Depo. Tr. at 44:3-25, 57:5-17, 87:8-93:1, 182:11-185:17), Ex. S (Markovich Depo. Tr. at 9:20-10:10, |

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
|  | Agreement and the underlying Footage. | 76:22-77:18, 217:1-220:2) |
| 39. | On August 15, 2014, Craig Williams' company Bonaventura Films registered the copyright in the Footage. | Rosenberg Decl, Ex. 34, Ex. S (Markovich Depo. Tr. at 186:20-188:21) |
| 40. | The August 15, 2014 copyright registration of the Footage was the first time the copyright in the Footage had been registered. | Rosenberg Decl., Ex. 34, Ex. S (Markovich Depo. Tr. at 184:14-25, 186:10-188:21); Rosenberg Decl., ¶ 28 |
| 41. | Plaintiff has admitted that first publication of the footage occurred sometime in 2007, more than five years prior to the first registration of the copyright in the Footage. | Rosenberg Decl, Ex. L at ¶ 17, Ex. 22 at p. 8 (Interrogatory No. 8), Ex. Q (NWF000158-161), Ex. R (Williams Depo. Tr. at 182:11-183:7) |

### D.   The Parties' Claims And Defenses

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 42. | Plaintiff's Amended Complaint (the "Complaint") does not plead any claim for tortious interference. | Rosenberg Decl., Ex. L |
| 43. | In discovery, Plaintiff stated that the "further relief" it seeks under Section 2202 is damages for alleged tortious interference by the Executors. | Rosenberg Decl., Ex. 20 at ¶¶ 2, 7, Ex. 23 at pp. 3-9, Ex. R (Williams Depo. Tr. at 166:17-167:22, 185:18-186:19), Ex. S (Markovich Depo. Tr. at 116:6-117:7, 118:4-10) |
| 44. | Plaintiff admits that the only acts of the Executors for which Plaintiff seeks damages in this case are the letters sent by the Executors to Plaintiff and Lightning in May and June of 2014. | Rosenberg Decl. Ex. S (Markovich Depo. Tr. at 159:20-25) |
| 45. | Plaintiff claimed in discovery that the Executors' letters caused Lightning to terminate its Sales Agency Agreement with Plaintiff. | Rosenberg Decl., Ex. 20 at ¶¶ 2, 7, Ex. 23 at pp. 3-9, Ex. R (Williams Depo. Tr. at 166:17-167:22, 185:18-186:19), Ex. S (Markovich Depo. Tr. at 116:6-117:7) |

| NO. | UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 46. | The Executors' First Amended Answer To Plaintiff's First Amended Complaint And The Executors' First Amended Counterclaims Against Plaintiff assert a counterclaim based on Plaintiff's use of the Footage. | Rosenberg Decl., Ex. M at pp. 17-22 (¶¶ 8-33) |
| 47. | The Executors' First Amended Answer To Plaintiff's First Amended Complaint And The Executors' First Amended Counterclaims Against Plaintiff assert denials and affirmative defenses based on Plaintiff's use of the Photographs. | Rosenberg Decl., Ex. M at pp. 10, 13-14 (¶¶ 64-65, 67, 84-85) |
| 48. | This Court denied Plaintiff's FRCP 12(b)(6) motion to dismiss the Executors' counterclaim and the Executors' Seventh and Eighth Affirmative Defenses (Improper Registration and Fraud in Registration). | Rosenberg Decl., ¶ 7, Ex. O [Dkt. #65] |

Dated: April 28, 2017          Respectfully Submitted:

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: _____
Joshua M. Rosenberg (jrosenberg@kwikalaw.com)
(*pro hac vice*)
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

BLANK ROME LLP
Jerry D. Bernstein (JB7631) (jbernstein@BlankRome.com)
Rither Alabre (RA9280) (ralabre@BlankRome.com)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212.885.5000
Facsimile: 917.332.3766

Attorneys for Defendants and Counterclaimants John Branca and John McClain, Executors of the Estate of Michael J. Jackson