UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NOVAL WILLIAMS FILMS LLC,

                Plaintiff,

    -against-

JOHN BRANCA and JOHN MCCLAIN,
EXECUTORS OF THE ESTATE OF MICHAEL J.
JACKSON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 1:14-cv-04711-PAC

## DECLARATION OF HOWARD WEITZMAN

## IN SUPPORT OF THE EXECUTORS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Howard Weitzman
(*pro hac vice*)
Jeremiah T. Reynolds
(*pro hac vice*)
Joshua M. Rosenberg
(*pro hac vice*)
KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850
Email: hweitzman@kwikalaw.com
       jreynolds@kwikalaw.com
       jrosenberg@kwikalaw.com

Jerry D. Bernstein (JB7631)
Rither Alabre (RA9280)
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212.885.5000
Facsimile: 917.332.3766
Email: jbernstein@BlankRome.com
       ralabre@BlankRome.com

*Attorneys for Defendants John Branca and John McClain,
Executors of the Estate of Michael J. Jackson*

I, Howard Weitzman, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my personal knowledge:

1. Unless stated otherwise, I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify thereto.

2. I am a partner with the law firm of Kinsella Weitzman Iser Kump & Aldisert LLP, counsel of record in this action for Defendants John Branca and John McClain as Executors of the Estate of Michael J. Jackson (the "Executors" or the "Estate"). I have been admitted to practice before this Court *pro hac vice* in this action. I am a member in good standing of the State Bar of California, Bar No. 38723.

3. I served as an attorney for Michael Jackson for several years during his life. I have served as counsel to the Estate since shortly after Mr. Jackson's death on June 25, 2009. Since then, on behalf of the Estate, my firm has previously, routinely, and successfully protected the legal rights and economic interests of the Estate in matters involving the unauthorized exploitation of Mr. Jackson's or the Estate's intellectual property and violation of any agreements involving the same, and helped the Executors fulfill their duties and protect the assets of the Estate.

4. On May 20, 2014, I sent a letter to Craig Williams and Lightning Entertainment ("Lightning") setting forth the Estate's contentions regarding the film, "Michael: The Last Photo Shoots" (the "Film") and requesting a copy of the Film to further examine the Estate's rights in the Film. A true and correct copy of that letter and cover email is attached hereto as **Exhibit C**, which was marked as Exhibit 15 to the Depositions of Craig J. Williams and Raymond Markovich.

5.     On May 28, 2014, Ray Markovich, one of the managers of Plaintiff Noval Williams LLC ("Plaintiff"), sent a letter to me explaining how Plaintiff allegedly obtained the footage (the "Footage") of Mr. Jackson shown in the Film, what the Footage actually contained, and why Plaintiff believed it could exploit the Footage. A true and correct copy of that letter and cover email is attached hereto as **Exhibit D**, which was marked as Exhibit 16 to the Depositions of Craig J. Williams and Raymond Markovich. Markovich's letter to the Estate did not include any of the alleged agreements or emails regarding the Footage referenced in his letter.

6.     On June 11, 2014, I sent a response letter to Mr. Markovich and Mr. Williams further explaining the Estate's position regarding its rights in the Footage, and again requested a copy of the Film. A true and correct copy of that letter and cover email is attached hereto as **Exhibit E**, which was marked as Exhibit 17 to the Depositions of Craig J. Williams and Raymond Markovich. Plaintiff never responded to this letter and never provided a copy of the Film to the Estate.

7.     On June 12, 2014, Lightning provided a DVD copy of the Film to my office, and it was reviewed by my office and the Estate to determine whether it infringed any of Mr. Jackson's or the Estate's contractual or intellectual property rights.

8.     After reviewing the Film, I sent cease-and-desist letters to Lightning and to Plaintiff on June 17 and 18, 2014, respectively to protect the legal rights and economic interests of the Estate in good faith, as the Estate has previously and successfully done in matters involving the unauthorized exploitation of Jackson's and the Estate's intellectual property, and to help the Executors fulfill their duties to the Estate and to protect its assets (which was the case for all of their pre-litigation letters at issue here). A true and correct copy of my June 17, 2014 letter and cover email to Lightning is attached hereto as **Exhibit F**. A true and correct copy of

my June 18, 2014 letter and cover email to Plaintiff is attached hereto as **Exhibit G**, which was marked as Exhibit 18 to the Depositions of Craig J. Williams and Raymond Markovich. Plaintiff never sent a response letter to my June 18, 2014 letter.

9. On behalf of the Estate, I sent all of the foregoing letters in good faith to enforce and protect the legal rights and economic interests of the Estate, to help the Executors fulfill their duties and protect the assets of the Estate, and with the understanding that Mr. Jackson's custom and practice had been at all material times to control ownership and exploitation of video footage and photographs taken of him in a private setting. It was and is the good faith belief of the Estate and its representatives that such footage was shot either as a work-for-hire for Mr. Jackson, or subject to a nondisclosure agreement with Jackson (or both), and that such footage could only be publicly and commercially exploited with his or the Estate's consent. Additionally, I sent these letters with the good faith belief that certain of the photographs (the "Photographs") contained in the Film infringed on copyrights owned by companies that are wholly-owned by the Estate. Having practiced in California for several decades, and based on my familiarity with California Civil Code section 47, I intended these letters to be protected by the litigation privilege set forth in that statute as they were sent in good faith and in anticipation of litigation relating to the subject matter of those letters.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge.

Executed on April 28, 2017, in Santa Monica, California.

Howard Weitzman