UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NOVAL WILLIAMS FILMS LLC,

                            Plaintiff,

        -against-

JOHN BRANCA and JOHN MCCLAIN,
EXECUTORS OF THE ESTATE OF MICHAEL J.
JACKSON,

                        Defendants.

Case No. 1:14-cv-04711-PAC

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE EXECUTORS' RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S CROSS MOTION FOR
PARTIAL SUMMARY JUDGMENT**

Howard Weitzman
 (*pro hac vice*)
Jeremiah T. Reynolds
 (*pro hac vice*)
Joshua M. Rosenberg
(*pro hac vice*)
KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850
Email:  hweitzman@kwikalaw.com
       jreynolds@kwikalaw.com
       jrosenberg@kwikalaw.com

Jerry D. Bernstein (JB7631)
Rither Alabre (RA9280)
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212.885.5000
Facsimile: 917.332.3766
Email: jbernstein@BlankRome.com
      ralabre@BlankRome.com

*Attorneys for Defendants and Counterclaimants John Branca and John McClain,
Executors of the Estate of Michael J. Jackson*

Defendants and Counterclaimants John Branca and John McClain as Executors of the Estate of Michael J. Jackson (the "Executors" or the "Estate"), pursuant to Rule 56.1 of the Local Rules of the Southern and Eastern Districts of New York, respectfully submit this Response to the Rule 56.1 statement of undisputed facts filed by Plaintiff Noval Williams Films LLC ("Plaintiff"). *See* Dkt. #116.[1]

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| 1. | On September 24, 2007, Muhammad executed an agreement on behalf of AMMMG ("Client") with Matthew Akers ("Videographer") to be the Photographer/Videographer for two photo shoots in which Jackson was to provide services and appear in ("Agreement"). Aff HM, ¶ 1, Ex. A. | Disputed.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Declaration of Joshua M. Rosenberg dated May 30, 2017 filed in opposition to Plaintiff's motion for partial summary judgment ("Rosenberg Decl."), ¶¶ 6-11, 23-27.<br><br>Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement. The Muhammad Affidavit does not include ***any*** testimony that Muhammad personally witnessed Matthew Akers sign the 2007 Agreement, or that Muhammad is sufficiently familiar with Akers' handwriting such that Muhammad can authenticate Akers' signature. Therefore, the Muhammad Affidavit is not competent evidence to authenticate the signature of Matthew Akers |

---

[1] Plaintiff's Statement of Undisputed Facts defines the Affidavit of Hasaun Muhammad (Dkt. #113) as "Aff HM" and the Affirmation of Craig J. Williams (Dkt. #114) as "AF BF."

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
|  |  | on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. There is no mention of Michael Jackson in the 2007 Agreement nor the photo shoots that are the subject of the footage. *See* Aff HM, Ex. A.[2] The 2007 Agreement makes no reference whatsoever to the "work" being commissioned. *See* Aff HM, Ex. A. |
| 2. | AMMMG is referred to in the Agreement as both the Client and the Owner. Aff HM, ¶ 2, Ex. A. | Disputed. The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27. The 2007 Agreement defines Muhammad's company as "Client" and not as "Owner." *See* Aff HM, Ex. A. Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement. The Muhammad Affidavit does not include ***any*** testimony that Muhammad personally witnessed Matthew Akers sign the 2007 Agreement, or that Muhammad is sufficiently familiar with Akers' handwriting such that Muhammad can authenticate Akers' signature. Therefore, the Muhammad |

---

[2] To the extent the Executors assert any additional objections and cite to paragraphs or exhibits in the Muhammad Affidavit, it is subject to and with reservation of rights in the Executors' Motion to Strike.

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | Affidavit is not competent evidence to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 3. | In the Agreement, the Client is the Owner and there is no other Owner. Aff HM, ¶ 3, Ex. A. | Disputed.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The 2007 Agreement defines Muhammad's company as "Client" and not as "Owner." *See* Aff HM, Ex. A.<br><br>Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement. The Muhammad Affidavit does not include ***any*** testimony that Muhammad personally witnessed Matthew Akers sign the 2007 Agreement, or that Muhammad is sufficiently familiar with Akers' handwriting such that Muhammad can authenticate Akers' signature. Therefore, the Muhammad Affidavit is not competent evidence to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 4. | The signatures on the Agreement are those of Muhammad, representing the Client/Owner, and Matthew Akers | Disputed.<br><br>The Muhammad Affidavit should be |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | [Videographer] and both signatures are authentic and the Agreement is a true and correct copy. Aff HM, ¶¶ 1, 4, Ex. A. | excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The 2007 Agreement defines Muhammad's company as "Client" and not as "Owner." *See* Aff HM, Ex. A.<br><br>Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement. The Muhammad Affidavit does not include ***any*** testimony that Muhammad personally witnessed Matthew Akers sign the 2007 Agreement, or that Muhammad is sufficiently familiar with Akers' handwriting such that Muhammad can authenticate Akers' signature. Therefore, the Muhammad Affidavit is not competent evidence to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 5. | The Client/Owner [AMMMG] hired Videographer as a work-for-hire and the Client/Owner [AMMMG], represented by Muhammad, paid his compensation in full in accordance with the terms of the Agreement. Aff HM, ¶ 5, Ex. A. | Disputed.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The 2007 Agreement defines Muhammad's company as "Client" and not as "Owner." |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | *See* Aff HM, Ex. A.<br><br>Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement. The Muhammad Affidavit does not include ***any*** testimony that Muhammad personally witnessed Matthew Akers sign the 2007 Agreement, or that Muhammad is sufficiently familiar with Akers' handwriting such that Muhammad can authenticate Akers' signature. Therefore, the Muhammad Affidavit is not competent evidence to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 6. | In 2007, the two photo shoots (one for Vogue magazine and one for Ebony magazine) ("Shoots") took place in New York, New York, including one at the Brooklyn Museum and Jackson consented to be photographed/video graphed. Aff HM, ¶ 6. | Disputed.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The alleged statements by Michael Jackson in the Muhammad Affidavit are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519. |
| 7. | Muhammad personally witnessed Jackson and the Shoots being photographed/video graphed by AMMMG's Videographer. Aff HM, ¶ 7. | Disputed.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27. |
| 8. | At the time of the Shoots, Muhammad was not an employee of Jackson, Muhammad had no work-for-hire agreement with Jackson and Muhammad was not paid by Jackson. Aff HM, ¶ 8. | Disputed.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27. |
| 9. | Jackson consented to be photographed/video graphed and stated that Muhammad could do whatever Muhammad wanted with the photographs and video footage photographed and taken by AMMMG's Videographer whom Muhammad had paid ("Footage"). Aff HM, ¶ 9. | Disputed.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The alleged statements by Michael Jackson in the Muhammad Affidavit are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519.<br><br>Calls for improper legal conclusion. *See* Fed. R. Evid. 701, 702, 704; *Cameron v. City of N.Y.*, 598 F.3d 50, 62 (2d Cir. 2010) ("witnesses may not present testimony in the form of legal conclusions") (internal quotation and citation omitted).<br><br>Michael Jackson's custom and practice had been at all material times to control ownership and exploitation of video footage |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | and photographs taken of him in a private setting. *See* Declaration of Evvy Tavasci dated September 20, 2016 filed in opposition to Plaintiff's motion for partial summary judgment ("Tavasci Decl."), ¶¶ 3-5; Declaration of Karen Langford dated April 24, 2017 filed in opposition to Plaintiff's motion for partial summary judgment ("Langford Decl."), ¶¶ 4-6, 11.<br><br>Michael Jackson's custom and practice was that such footage was shot either as a work-for-hire for Jackson, or subject to a nondisclosure agreement with Jackson (or both). *See* Langford Decl., ¶¶ 5, 11.<br><br>Such footage could not be publicly and commercially exploited without Jackson's prior approval, consent, and/or involvement. Tavasci Decl., ¶ 4; Langford Decl., ¶¶ 4-5. |
| 10. | There were no limitations placed by Jackson on AMMMG's or Muhammad's right to exploit the Footage. Aff HM, ¶ 10. | Disputed.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The alleged statements by Michael Jackson in the Muhammad Affidavit are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519.<br><br>Calls for improper legal conclusion. *See* Fed. R. Evid. 701, 702, 704; *Cameron v. City of N.Y.*, 598 F.3d 50, 62 (2d Cir. 2010) ("witnesses may not present testimony in the form of legal conclusions") (internal |

| <u>No.</u> | <u>Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence</u> | <u>The Executors' Response, Objections, and Conflicting Evidence</u> |
|---|---|---|
| | | quotation and citation omitted). |
| | | Michael Jackson's custom and practice had been at all material times to control ownership and exploitation of video footage and photographs taken of him in a private setting. *See* Tavasci Decl., ¶¶ 3-5; Langford Decl., ¶¶ 4-6, 11. |
| | | Michael Jackson's custom and practice was that such footage was shot either as a work-for-hire for Jackson, or subject to a nondisclosure agreement with Jackson (or both). *See* Langford Decl., ¶¶ 5, 11. |
| | | Such footage could not be publicly and commercially exploited without Jackson's prior approval, consent, and/or involvement. Tavasci Decl., ¶ 4; Langford Decl., ¶¶ 4-5. |
| 11. | Until the transfer to Craig J. Williams/Craig J. Williams Productions in 2013, AMMMG, the Client/Owner, owned all rights, copyrights, titles and interest in the Footage. Aff HM, ¶ 11. | Disputed. |
| | | The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27. |
| | | The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement. |
| | | Calls for improper legal conclusion. *See* Fed. |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | R. Evid. 701, 702, 704; *Cameron v. City of N.Y.*, 598 F.3d 50, 62 (2d Cir. 2010) ("witnesses may not present testimony in the form of legal conclusions") (internal quotation and citation omitted). |
| | | Muhammad never registered the copyright in the Footage, rebutting any prima facie claim of ownership. *See* Rosenberg Decl., Ex. 34, Ex. P (Markovich Depo. Tr. at 184:14-25, 186:10-188:21); Rosenberg Decl., ¶ 22. |
| | | Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| | | Michael Jackson's custom and practice had been at all material times to control ownership and exploitation of video footage and photographs taken of him in a private setting. *See* Tavasci Decl., ¶¶ 3-5; Langford Decl., ¶¶ 4-6, 11. |
| | | Michael Jackson's custom and practice was that such footage was shot either as a work-for-hire for Jackson, or subject to a nondisclosure agreement with Jackson (or both). *See* Langford Decl., ¶¶ 5, 11. |
| | | Such footage could not be publicly and commercially exploited without Jackson's prior approval, consent, and/or involvement. Tavasci Decl., ¶ 4; Langford Decl., ¶¶ 4-5. |
| 12. | Exhibit B to the Aff HM is a true and correct copy of the Content Acquisition Agreement dated as of | Disputed.<br><br>The Muhammad Affidavit should be |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | May 21, 2013 by and between Craig J. Williams/Craig J. Williams Productions and [AMMMG] Ambassadors Media, Marketing & Management Group, LLC/H. Hasaun Muhammad ("Content Agreement"). Aff HM, ¶ 12. | excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.

The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement.

Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4. Fed. R. Evid. 602, 901. |
| 13. | The signatures on the [Content] Agreement are Muhammad's, representing the Content Owner [AMMMG], and Craig J. Williams representing the Content Acquirer [Craig J. Williams/Craig J. Williams Productions] and both signatures are authentic. Aff HM, ¶ 13, Ex. B; Aff BF, ¶ 10, Ex. D. | Disputed.

The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.

Craig J. Williams admitted that he cannot authenticate Muhammad's signature on the |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | 2013 Content Acquisition Agreement. *See* Rosenberg Decl., Ex. O (Williams Depo. Tr. at 70:4-71:21). |
| | | Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| | | The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement. |
| 14. | In the Content Agreement, Content Owner [AMMMG] transferred all rights as described in the Content Agreement to the Content Acquirer [Craig J. Williams/Craig J. Williams Productions]. Aff HM, ¶ 14, Ex. B; Aff BF, ¶ 9, Ex. D. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible. |
| | | The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27. |
| | | The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement.

Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 15. | Bonaventura acquired all of its rights in the Footage and the Exploited Footage from Craig J. Williams/Craig J. Williams Productions by an assignment agreement dated as of October 15, 2013. Aff BF, ¶ 8, Ex. C. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage.

The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.

The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement. |
| | | Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 16. | Exhibit C to the Aff BF is a true and correct copy of such assignment agreement and all signatures are those of Craig J. Williams and are authentic. Aff BF, ¶ 8, Ex. C. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage. |
| | | The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27. |
| | | The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | can be exploited without the Estate's approval, consent, and/or involvement.<br><br>Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 17. | Bonaventura owns and has exclusive physical possession of the five Sony Mini DV Video Tapes described in Exhibit A to the Content Agreement ("Tapes"). Aff BF, ¶ 11. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | approval, consent, and/or involvement. |
| | | Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 18. | The Tapes contain all of the Footage and Exploited Footage. Aff BF, ¶ 12. | Undisputed |
| 19. | Bonaventura owns the copyright to all of the Footage and Exploited Footage. Aff BF, ¶¶ 2, 7-9, Ex. B-D; Aff HM, ¶¶ 1-14, Ex. A-B. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage. The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27. The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | can be exploited without the Estate's approval, consent, and/or involvement.<br><br>Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 20. | Bonaventura is the owner of and copyright claimant to the Exploited Footage. RJN, Ex. 1; Aff BF, ¶ 7, Ex. B; Aff HM, ¶¶ 1-14, Ex. A-B. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | approval, consent, and/or involvement. Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 21. | Craig J. Williams is the owner of Bonaventura and Bonaventura is a member of Plaintiff. Aff BF, ¶ 1. | Undisputed. |
| 22. | The Exploited Footage was licensed by Bonaventura to Plaintiff under an Exclusive Single Picture License ("Exclusive License") dated as of November 1, 2013. Aff BF, ¶ 3, Ex. A. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage. As such, it is disputed that Bonaventura had the right to license the footage to Plaintiff.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement.<br><br>Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 23. | The signatures on the Exclusive License are those of Craig J. Williams on behalf of Bonaventura and Raymond J. Markovich on behalf of Plaintiff and the Exclusive License [Ex. A] and both signatures are authentic, as is the Exclusive License, since Mr. Williams personally knows Mr. Markovich's signature. Aff BF, ¶ 3, Ex. A. | Undisputed regarding authenticity of signatures of Williams and Markovich.<br><br>Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage. As such, it is disputed that Bonaventura had the right to license the footage to Plaintiff.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The alleged statements by Michael Jackson |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement.<br><br>Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 24. | The Exclusive License granted Plaintiff the right to use and exploit the Exploited Footage in the Picture. Aff BF, ¶ 4, Ex. A. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage. As such, it is disputed that Bonaventura had the right to license the footage to Plaintiff.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The alleged statements by Michael Jackson |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement. <br><br> Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 25. | The Exclusive License granted to Plaintiff the right to exclusively own any and all interest in and to the copyright in the Picture. Aff BF, ¶ 5, Ex. A. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage. As such, it is disputed that Bonaventura had the right to license the footage to Plaintiff. <br><br> The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27. <br><br> The alleged statements by Michael Jackson |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement.<br><br>Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| 26. | Plaintiff registered copyrights for the Picture in the United States Copyright Office for two versions of the Picture (only slight editorial differences between versions) with Registration Numbers PAu 3-728-938 and PAu 3 735-147 and both Registrations are valid because the Exclusive License granted Plaintiff the right to exclusively own any and all interest in and to the copyright in the Picture. Aff BF, ¶¶ 3-6, Ex. A, Ex. E; RJN, Ex. 2-3. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage. As such, it is disputed that Bonaventura had the right to license the footage to Plaintiff.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.<br><br>The alleged statements by Michael Jackson |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement.<br><br>Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901.<br><br>Disputed that copyright registrations are valid because the Picture contains photographs whose copyrights are owned by companies wholly owned by the Estate. *See* Langford Decl., ¶ 17, Exs. C, D. |
| 27. | Plaintiff is the owner of and copyright claimant to the Picture. RJN, Ex. 2-3; Aff BF, ¶¶ 3-6, Ex. A, Ex. E. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage. As such, it is disputed that Bonaventura had the right to license the footage to Plaintiff.<br><br>The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27. |
| | | The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement. |
| | | Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, 901. |
| | | Disputed that copyright registrations are valid because the Picture contains photographs whose copyrights are owned by companies wholly owned by the Estate. See Langford Decl., ¶ 17, Exs. C, D. |
| 28. | Bonaventura has no claims against Plaintiff for infringement, improper registration or otherwise concerning Plaintiff's use and exploitation of the Exploited Footage. Aff BF, ¶ 6. | Undisputed |
| 29. | The Executors have filed no claim(s) against Bonaventura for infringement, improper registration, breach of agreement, inducement of breach of agreement or tortious interference of agreement concerning the Footage, the | Disputed insofar as Bonaventura is a member of Plaintiff, and only Plaintiff (not Bonaventura) has publicly and commercially exploited the Picture. *See* Rosenberg Decl., Ex. E at ¶ 46; Langford Decl., Ex. A. |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | Exploited Footage or anything else. Aff BF, ¶ 13. | |
| 30. | Despite the fact that Bonaventura owns the copyright in the Exploited Footage which appears to be the primary, if not only, intellectual property currently in dispute in this Action, Bonaventura is not, and has never been, a party to this Action. Aff BF, ¶ 14. | Disputed that Muhammad and his company ever owned the rights (including the rights in the footage) allegedly transferred because Muhammad's affidavit should be stricken and deemed inadmissible, and thus disputed that Craig J. Williams/Craig J. Willliams Productions had the right to transfer the footage to Bonaventura, and disputed that Bonaventura owns the copyright in the footage.

The Muhammad Affidavit should be excluded under FRCP 37(c)(1) because Plaintiff never disclosed Muhammad's contact information pursuant to FRCP 26(a)(1)(A)(i), and Plaintiff never supplemented its disclosures to include Muhammad's contact information pursuant to FRCP 26(e)(1)(A). *See* Rosenberg Decl., ¶¶ 6-11, 23-27.

The alleged statements by Michael Jackson in the Muhammad Affidavit (Aff HM, ¶¶ 6, 9-10) regarding Muhammad's alleged right to exploit the footage are inadmissible under New York's Dead Man's Statute, N.Y. CPLR 4519, and therefore a genuine dispute of material fact remains whether the footage can be exploited without the Estate's approval, consent, and/or involvement.

Muhammad lacks foundation and personal knowledge to authenticate the signature of Matthew Akers on the 2007 Agreement, and, as a result, the 2007 Agreement is inadmissible and therefore Plaintiff cannot prove Muhammad owned the Footage and cannot prove chain of title to exploit the Footage. *See* Aff HM, ¶ 4; Fed. R. Evid. 602, |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | 901. |
| 31. | The Executors were offered to purchase the Footage from AMMMG on July 29, 2011. Aff BF, ¶ 15, Ex. F. | Disputed. Williams has no personal knowledge of any alleged communications between the Executors and Muhammad. Williams also has no foundation to authenticate the alleged email communications since he was not copied on those email communications; they were only forwarded to him years later. *See* Rosenberg Decl. Ex. O (Williams Depo. Tr. at 187:13-188:13). *See* Fed. R. Evid. 602.<br><br>Statements by Muhammad and/or Muhammad's attorney in the emails in Exhibit F to the Aff BF are inadmissible hearsay. *See* Fed. R. Evid. 801, 802. |
| 32. | The Executors knew about the Footage since on or about April 5, 2011 but filed no claims against AMMMG and/or Muhammad for breach of agreement, declaration of ownership or anything else concerning the Footage. Aff BF, ¶ 16, Ex. G, p. 29 of 40; Dkt. 35-4, p. 29 of 40. | Disputed.<br><br>Williams has no personal knowledge of any alleged communications between the Executors and Muhammad. Williams also has no foundation to authenticate the alleged email communications since he was not copied on those email communications; they were only forwarded to him years later. *See* Rosenberg Decl. Ex. O (Williams Depo. Tr. at 187:13-188:13). *See* Fed. R. Evid. 602.<br><br>Statements by Muhammad and/or Muhammad's attorney in the emails in Exhibit G to the Aff BF are inadmissible hearsay. *See* Fed. R. Evid. 801, 802.<br><br>The Executors understood the footage could not be publicly and commercially exploited without the Estate's consent. *See* Langford Decl., ¶¶ 13-17, Ex. B.<br><br>The Executors first learned in May 2014 that the footage was being publicly and commercially exploited. *See* Langford Decl., |

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | ¶¶ 10-16, Ex. A. |
| 33. | Some of the Footage was first publicly exploited in 2007 and 2009. Aff BF, ¶ 17, Ex. H. | Undisputed, although disputed that Jackson and/or the Estate (Jackson passed away on June 25, 2009) were aware of the footage being publicly exploited in 2007 and 2009. *See* Langford Decl., ¶ 10. |
| 34. | Despite the fact that some of the Footage was first publicly exploited in 2007 and 2009, neither Jackson nor the Executors filed any claim(s) against AMMMG and/or Muhammad for breach of agreement, declaration of ownership or anything else concerning the Footage. Aff BF, ¶ 18, Ex. H. | Disputed that Jackson and/or the Estate (Jackson passed away on June 25, 2009) were aware of the footage being publicly exploited in 2007 and 2009. *See* Langford Decl., ¶ 10. |
| 35. | The Plaintiff has valid licenses for all of the Photos[3] that are exploited in the Picture. Aff BF, ¶ 19, Ex. I. | Disputed. The Film contains photographs (the "Photographs") in which companies wholly owned by the Estate – Triumph International, Inc. ("Triumph") and Optimum Productions ("Optimum") – own the copyrights. *See* Langford Decl., ¶ 17, Exs. C, D. |
| 36. | Plaintiff commercially licensed the Photos in September 2013 and they were already published at that time. Aff BF, ¶ 20, Ex. I. | Disputed.

Statements by alleged licensor in Exhibit I are inadmissible hearsay and have not been authenticated by the alleged licensor. *See* Fed. R. Evid. 801, 802, 901. |
| 37. | Plaintiff began commercially exploiting a version of the Picture with the Photos and the Picture's initial publication was no later than April 24, 2014. Aff BF, ¶ 21, Ex. J. | Disputed. Statement in email by Ken DuBow in Exhibit J to Aff BF is inadmissible hearsay and has not been authenticated by Ken DuBow. *See* Fed. R. Evid. 801, 802, 901.

The Executors first learned in May 2014 that the footage was being publicly and |

---

[3] Footnote No. 1 of Plaintiff's Statement of Undisputed Facts states: "Photos are defined as those photographs in the Picture to which the Executors claim some form of ownership."

| No. | Plaintiff's Stated Undisputed Material Fact and Citation to Supporting Evidence | The Executors' Response, Objections, and Conflicting Evidence |
|---|---|---|
| | | commercially exploited in the Film, and first learned that the Film contained the Photographs in June 2014. *See* Langford Decl., ¶¶ 10-17, Exs. A, C, D. |
| 38. | The Picture is 43 minutes and 44 seconds and is a documentary and highly transformative work. Aff BF, ¶ 22. | Disputed that the documentary is a "highly transformative work" because that statement calls for a legal conclusion.  *See* Fed. R. Evid. 701, 702, 704; *Cameron v. City of N.Y.*, 598 F.3d 50, 62 (2d Cir. 2010) ("witnesses may not present testimony in the form of legal conclusions") (internal quotation and citation omitted) |
| 39. | The Picture, a documentary, is a highly transformative work, the Photos are insubstantial at 1.45% of total screen time and Plaintiff's use in no manner usurps demand for the protected work but in fact might increase demand for the protected work. Aff BF, ¶ 23. | Disputed because statements call for a legal conclusion.  *See* Fed. R. Evid. 701, 702, 704; *Cameron v. City of N.Y.*, 598 F.3d 50, 62 (2d Cir. 2010) ("witnesses may not present testimony in the form of legal conclusions") (internal quotation and citation omitted)<br><br>Disputed because calls for speculation that Plaintiff's use of the photographs "might increase demand." *See* Fed. R. Evid. 602. |

Pursuant to Rule 56.1(b) of the Local Rules of the Southern and Eastern Districts of New York, the Executors also respectfully submit the following statement of additional material facts in response to the Rule 56.1 statement of undisputed facts filed by Plaintiff:

| NO. | ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | The only document Plaintiff relies on to assert Muhammad owned the Footage and could exploit it without Jackson's consent is a one page, purported "Video/Photographic Work-For-Hire Agreement" dated September 24, 2007 (the "2007 Agreement") allegedly signed | Rosenberg Decl., Ex. E at ¶ 44, Ex. 5 at p. 7. |

| NO. | ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
|  | by Muhammad and Matthew Akers. |  |
| 2. | On November 6, 2015, Plaintiff served its FRCP 26 initial disclosures on the Executors. In its initial disclosures, Plaintiff listed Muhammad as a witness, and stated that "Plaintiff has requested the current address and telephone number for Mr. Muhammad from Mr. [Craig] Williams and shall provide as soon as Mr. Williams returns from China as he is the only individual related to Plaintiff that knows Mr. Muhammad." | Rosenberg Decl., ¶ 17, Ex. 4 at p. 3, Ex. O (Williams Depo. Tr. at 31:6-32:16). |
| 3. | On November 13, 2015, the Executors served interrogatories on Plaintiff, which included an interrogatory that asked Plaintiff to "identify" each person with knowledge that Jackson allegedly "authorized" Muhammad to videotape the Footage, and "identify" was defined in the interrogatories to include that person's contact information. Plaintiff identified Muhammad in its response to this interrogatory but did not include his contact information. | Rosenberg Decl., Ex. G at p. 3 (paragraph 14), p. 6 (Interrogatory No. 7), Ex. 22 at p. 7. |
| 4. | On February 1, 2016, the Executors' counsel, Joshua Rosenberg, sent an email to Plaintiff's counsel, Michael Breslin, and Craig Williams and Raymond Markovich, asking them to provide Muhammad's contact information as they had promised to provide in Plaintiff's November 2015 initial disclosures. Mr. Rosenberg explained that the Executors needed Muhammad's contact information "to serve a deposition subpoena upon him." | Rosenberg Decl., Ex. H. |
| 5. | On February 1, 2016, Raymond Markovich sent an email to Joshua Rosenberg, the Executors' other counsel, Craig Williams, and Michael Breslin, stating: "Craig: Can you please forward | Rosenberg Decl., ¶ 8, Ex. I. |

| NO. | ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | Muhammad's contact details?" Williams never did. | |
| 6. | On February 1, 2016, Raymond Markovich sent an email to Joshua Rosenberg, the Executors' other counsel, Craig Williams, and Michael Breslin, providing an address for Muhammad's company that Markovich found on New York's public secretary of state website, and Markovich stated "[t]hat address is a single family townhouse and must be his residence." | Rosenberg Decl., Ex. J. |
| 7. | Plaintiff provided the same address for Muhammad in its second amended interrogatory responses. | Rosenberg Decl., Ex. K at p. 4. |
| 8. | Markovich later admitted in deposition that Muhammad did not live at the address that Markovich provided in Exhibit J or that Plaintiff provided in Exhibit K. | Rosenberg Decl., Ex. P (Markovich Depo. Tr. at 57:20-58:10). |
| 9. | On February 3, 2016, Mr. Rosenberg and Mr. Breslin had a "meet and confer" telephone call, where Mr. Breslin told Mr. Rosenberg that Plaintiff "was having a hard time finding" Muhammad. | Rosenberg Decl., ¶ 10, Ex. L |
| 10. | Thereafter, the Executors' counsel retained a private investigator and employed other investigative methods and determined that the address provided by Plaintiff and Markovich for Muhammad was not genuine. The Executors were able to locate a possible telephone number for Muhammad, which Mr. Rosenberg called numerous times but no one ever answered and the voicemail was "full" so a message could not be left. The Executors could not locate any address for Muhammad that proved valid. Over the course of a year, the Executors could not independently locate or verify any valid address and | Rosenberg Decl., ¶ 11. |

| NO. | ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | telephone number for Muhammad. | |
| 11. | Both Williams and Markovich appeared for deposition in January 2017 in their personal capacities and as Plaintiff's designees pursuant to FRCP 30(b)(6). | Rosenberg Decl., ¶¶ 15-16, Ex. O (Williams Depo. Tr. at 11:14-23), Ex. P (Markovich Depo. Tr. at 9:5-11:19). |
| 12. | At their January 2017 depositions, Williams and Markovich testified that they did not have Muhammad's contact information and that Plaintiff did not intend to depose Muhammad or call him as a witness at trial. | Rosenberg Decl., Ex. O (Williams Depo. Tr. at 30:22-24, 31:25-32:16, 36:15-37:13, 94:23-95:22, 98:11-99:1, 100:7-19), Ex. P (Markovich Depo. Tr. at 57:10-19). |
| 13. | At his January 2017 deposition, Williams testified and disclosed *for the first time* that his only possible point of contact with Muhammad was through someone named "Nut Farrakhan" who is allegedly the son of Louis Farrakhan and associated with the Nation of Islam. | Rosenberg Decl., Ex. O (Williams Depo. Tr. at 26:12-21, 29:6-12, 41:1-42:7, 54:15-56:12, 72:9-15, 94:23-95:22, 99:10-100:19). |
| 14. | Williams testified in his January 2017 deposition that the "only way" he was *ever* able to contact Muhammad was through "Nut Farrakhan" at the Nation of Islam. | Rosenberg Decl., Ex. O (Williams Depo. Tr. at 26:12-24, 41:1-42:7, 54:15-20, 72:9-15, 100:3-6). |
| 15. | At his January 2017 deposition, Williams provided an alleged telephone number for "Nut Farrakhan" but did not provide an address for "Nut Farrakhan." | Rosenberg Decl., Ex. O (Williams Depo. Tr. at 99:10-100:19). |
| 16. | After Williams' deposition, the Executors could not verify that a person named "Nut Farrakhan" even exists, and Mr. Rosenberg also called the telephone number provided by Williams in his deposition for "Nut Farrakhan" and left a voicemail, but "Nut Farrakhan" never returned Mr. Rosenberg's call. | Rosenberg Decl., ¶ 23. |
| 17. | Plaintiff never provided this "Nut Farrakhan" information in its FRCP 26 disclosures or interrogatory responses, and | Rosenberg Decl., ¶¶ 6-11, 23-27. |

| NO. | ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | only revealed this "Nut Farrakhan" information upon questioning at Williams' January 2017 deposition, less than one month before the close of deposition discovery. | |
| 18. | Deposition discovery closed on February 13, 2017, and fact discovery closed on March 14, 2017, and Plaintiff never offered to make Muhammad available for deposition, nor supplemented its FRCP 26 disclosures or discovery responses to provide contact information for Muhammad. | Rosenberg Decl., ¶ 24. |
| 19. | On April 28, 2017, Plaintiff filed its cross-motion for partial summary judgment, and included an affidavit from Muhammad (the "Muhammad Affidavit") in support of its motion; this was the *first time* since Plaintiff served its November 2015 initial disclosures that the Executors were made aware that Plaintiff had contacted Muhammad. | Rosenberg Decl., ¶ 25. |
| 20. | The Muhammad Affidavit does not contain Muhammad's contact information, and does not indicate where Muhammad signed the affidavit, except for a purported notary stamp and signature from a person named "Stephanie Benjamin" in Kings County, New York. | *See generally* Muhammad Affidavit; Rosenberg Decl., ¶ 26.. |
| 21. | The Executors have not been able to verify that the Muhammad Affidavit is even genuine. | Rosenberg Decl., ¶ 26. |
| 22. | Plaintiff's motion also includes an affirmation from Craig Williams (the "Williams Affirmation"), but his affirmation does not include Muhammad's contact information, or even mention if Williams asked Muhammad for his contact information. | *See generally* Williams Affirmation. |

| NO. | ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 23. | Despite Williams allegedly having a call with Muhammad on April 13, 2017, Plaintiff never informed the Executors that Williams had spoken to Muhammad, never supplemented its FRCP 26 disclosures or interrogatory responses, and never asked the Executors for their consent to submit a request to the Court to re-open discovery for the purpose of taking Muhammad's deposition. | Rosenberg Decl., ¶ 27. |
| 24. | The Executors do not have Muhammad's current contact information based on alleged discussions between the Executors and Muhammad's attorney in 2011-2012. | Rosenberg Decl., ¶ 28. |
| 25. | This Court has jurisdiction, in part, based on diversity, and this Court has already ruled that the Executors' counterclaim for declaratory relief sounds in contract, not copyright. | Rosenberg Decl., Ex. M at 1-2 (Dkt. #65) (stating "the Court construes the counterclaim, which alleges Jackson entered into an oral agreement with the filmmakers restricting his use of the footage, as sounding in contract . . . ."), Ex. F at p. 16, ¶ 3 (the Executors' counterclaims invoking diversity jurisdiction under 28 U.S.C. § 1332(a)) |
| 26. | Muhammad is credited as a producer on the film, "Michael: The Last Photo Shoots" (the "Film"). | Rosenberg Decl., Ex. O (Williams Depo. Tr. at 52:8-10). |
| 27. | Muhammad is to receive "points" on the Film, *i.e.*, a percentage of monies that Plaintiff receives from the Film, and that there is a "back-end deal" between Muhammad and Williams relating to the Film. | Rosenberg Decl., Ex. P (Markovich Depo. Tr. at 75:12-76:12). |
| 28. | Muhammad provides no explanation for why Jackson would allow Muhammad – a complete stranger to Jackson – to profit off Jackson's image and privacy, in direct contravention of Jackson's established custom and practice. | Tavasci Decl., ¶¶ 3-5; Langford Decl., ¶¶ 4-6, 11. |

| NO. | ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 29. | Plaintiff admits the Footage was first published in 2007, but the copyright in the Footage was not first registered until August 15, 2014, more than five years after its first publication. | Rosenberg Decl., Ex. E at ¶ 23, Ex. 22 at p. 8 (Interrogatory No. 8), Ex. N (NWF000158-161), Ex. 34, Ex. P (Markovich Depo. Tr. at 184:14-25, 186:10-188:21). |
| 30. | Plaintiff cannot authenticate the 2007 Agreement (or both of its signatures) and Plaintiff has no personal knowledge regarding the negotiation, creation, and execution of the 2007 Agreement. | Rosenberg Decl., Ex. O (Williams Depo. Tr. at 11:14-23, 44:3-25, 49:15-17, 57:5-17, 70:4-71:21, 87:8-95:22, 103:6-17, 103:25-104:2, 182:11-185:17), Ex. P (Markovich Depo. Tr. at 9:5-11:19, 22:1-18, 69:23-70:8, 76:22-77:18, 217:1-220:2). |
| 31. | The 2007 Agreement makes no reference whatsoever to the "work" being commissioned, There is no mention of Michael Jackson nor the photo shoots that are the subject of the Footage. | Rosenberg Decl., ¶ 18, Ex. 5 at p. 7. |
| 32. | The 2007 Agreement defines Muhammad's company as "Client" and Akers as "Photographer/Videographer," but also makes reference to the defined term "Owner," which is not defined in the 2007 Agreement. | Rosenberg Decl., ¶ 18, Ex. 5 at p. 7. |
| 33. | Karen Langford received an email in 2012 from Kendall Minter offering to sell certain footage of Michael Jackson to the Estate, stating it was his client's "first wish to consummate this sale to the Estate rather than to private collectors," confirming the Estate's understanding that the Footage could not be publicly and commercially exploited without the Estate's consent. | Langford Decl., ¶ 14, Ex. B. |
| 34. | The Footage shown in the Film includes footage of Jackson in his private dressing room. | Langford Decl., ¶ 16. |

| NO. | ADDITIONAL MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 35. | The copyrights in certain photographs (the "Photographs") shown in the Film are owned by companies wholly-owned by the Estate, Triumph International, Inc. ("Triumph") and Optimum Productions ("Optimum"). | Langford Decl., ¶ 17, Exs. C, D |

Dated:  May 30, 2017          Respectfully Submitted:

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By:  ___/s/ Joshua M. Rosenberg_____
       Joshua M. Rosenberg (jrosenberg@kwikalaw.com)
        (*pro hac vice*)
       808 Wilshire Boulevard, 3rd Floor
       Santa Monica, California  90401
       Telephone: 310.566.9800
       Facsimile: 310.566.9850

BLANK ROME LLP
       Jerry D. Bernstein (JB7631) (jbernstein@BlankRome.com)
       Rither Alabre (RA9280) (ralabre@BlankRome.com)
       The Chrysler Building
       405 Lexington Avenue
       New York, New York 10174
       Telephone: 212.885.5000
       Facsimile: 917.332.3766

       Attorneys for Defendants and Counterclaimants John Branca
       and John McClain, Executors of the Estate of Michael J. Jackson