UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NOVAL WILLIAMS FILMS LLC,

      Plaintiff,

 -against-

JOHN BRANCA and JOHN MCCLAIN,
EXECUTORS OF THE ESTATE OF MICHAEL J.
JACKSON,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No. 1:14-cv-04711-PAC

# REPLY MEMORANDUM IN SUPPORT OF THE EXECUTORS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Howard Weitzman
 (*pro hac vice*)
Jeremiah T. Reynolds
 (*pro hac vice*)
Joshua M. Rosenberg
(*pro hac vice*)
KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850
Email:  hweitzman@kwikalaw.com
   jreynolds@kwikalaw.com
   jrosenberg@kwikalaw.com

Jerry D. Bernstein (JB7631)
Rither Alabre (RA9280)
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212.885.5000
Facsimile: 917.332.3766
Email: jbernstein@BlankRome.com
   ralabre@BlankRome.com

*Attorneys for Defendants and Counterclaimants John Branca and John McClain,
Executors of the Estate of Michael J. Jackson*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT .....................................................................................................................1

POINT ONE: PLAINTIFF'S CLAIM NO. 1 FOR DECLARATORY RELIEF TO EXPLOIT THE FOOTAGE FAILS AS A MATTER OF LAW ..............................1

A.  Plaintiff Cannot Rely On The Statutory Presumption Of Copyright Validity And Cannot Establish Chain Of Title For The Footage ............................1

B.  Plaintiff Cannot Prove It Has The Right To Exploit The Footage .........................2

POINT TWO: PLAINTIFF'S CLAIM NO. 2 FOR DAMAGES UNDER 28 U.S.C. § 2202 FAILS AS A MATTER OF LAW ...................................................5

C.  California's Litigation Privilege Bars Plaintiff's Damages Claim .........................6

D.  New York Law Also Bars Plaintiff's Damages Claim ............................................8

E.  Plaintiff Cannot Prove The Essential Element Of Causation .................................9

CONCLUSION .................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

*AroChem International, Inc. v. Buirkle,*
    968 F.2d 266 (2d Cir. 1992) ............................................................................................. 7

*Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.,*
    2013 WL 822173 (S.D.N.Y. Mar. 6, 2013) ....................................................................... 8

*Church Mut. Ins. Co. v. Spearman,*
    709 F. Supp. 108 (E.D. Pa. 1989) .................................................................................... 5

*CJ Prod. LLC v. Snuggly Plushez LLC,*
    809 F. Supp. 2d 127 (E.D.N.Y. 2011) .............................................................................. 2

*Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co.,*
    255 F.2d 518 (2d Cir. 1958) ............................................................................................. 5

*Graphic Design Mktg., Inc. v. Xtreme Enterprises, Inc.,*
    772 F. Supp. 2d 1029 (E.D. Wis. 2011) ........................................................................... 2

*In re Gaston & Snow,*
    243 F.3d 599 (2d Cir. 2001) ............................................................................................. 6

*In re Horizon Cruises Litig.,*
    101 F. Supp. 2d 204 (S.D.N.Y. 2000) .............................................................................. 7

*Int'l Media Films, Inc. v. Lucas Entm't, Inc.,*
    703 F. Supp. 2d 456 (S.D.N.Y. 2010) .............................................................................. 1

*Kregler v. City of N.Y.,*
    821 F. Supp. 2d 651 (S.D.N.Y. 2011) .............................................................................. 7

*Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.,*
    269 F.3d 114 (2d Cir. 2001) ............................................................................................. 3

*Specht v. Netscape Commc'ns Corp.,*
    150 F. Supp. 2d 585, 591 (S.D.N.Y. 2001) ...................................................................... 6

**STATUTES**

17 U.S.C. § 410(c) .................................................................................................................... 1

17 U.S.C. § 507(b) .................................................................................................................... 5

28 U.S.C. § 2202 ............................................................................................................... 5, 7, 8

California Civil Code § 47 .................................................................................................... 6, 7

Federal Rule of Civil Procedure 56(c), (e) ................................................................................... 3

Federal Rule of Evidence 602 ................................................................................................. 4, 5

Federal Rule of Evidence 901 .................................................................................................... 5

N.Y. Civil Practice Law & Rules, Rule 213(2) .......................................................................... 4

**PRELIMINARY STATEMENT**

Plaintiff Noval Williams Films LLC's ("Plaintiff") Opposition fails to create any genuine dispute of material fact for its claims against Defendants John Branca and John McClain, co-executors of the Estate of Michael Jackson (the "Executors" or the "Estate") because Plaintiff offers no admissible evidence to support its claims, and instead relies on the affidavits of Hasaun Muhammad and Michael Williams, which should be stricken pursuant to the Executors' pending motion to strike (Dkt. #140). The only evidence presented on this summary judgment motion that is actually *admissible* demonstrates that both of Plaintiff's claims fail as a matter of law and should be dismissed. Therefore, the Court should grant the Executors' Motion in its entirety.

**ARGUMENT**

**POINT ONE: PLAINTIFF'S CLAIM NO. 1 FOR DECLARATORY RELIEF TO EXPLOIT THE FOOTAGE FAILS AS A MATTER OF LAW**

A.  **Plaintiff Cannot Rely On The Statutory Presumption Of Copyright Validity And Cannot Establish Chain Of Title For The Footage**

Plaintiff is not entitled to benefit from the prima facie presumption of ownership under the Copyright Act because there is no dispute that the copyright in the footage (the "Footage") shown in the film "Michael: The Last Photo Shoots" (the "Film") was first registered in August 2014, more than five years after its first publication in 2007. 17 U.S.C. § 410(c); (Rosenberg Decl., Ex. S [Markovich Depo. Tr. at 184:14-25, 186:10-188:21], Ex. Q, Ex. 22 at p. 8 [Interrogatory No. 8], Ex. 34). The Executors demonstrated in their Motion that Plaintiff cannot prove a valid chain of title because the alleged 2007 "Work For Hire" agreement between Muhammad and Matthew Akers is inadmissible, thereby entitling the Executors to summary judgment on Plaintiff's Claim No. 1. *See Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, 703 F. Supp. 2d 456, 462-64 (S.D.N.Y. 2010) (granting defendants' motion for summary judgment on plaintiff's copyright claim where plaintiff's chain of title was "missing a crucial link").

In Opposition, Plaintiff principally and mistakenly relies on *CJ Prod. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127 (E.D.N.Y. 2011), to support its claim that "the totality of the admissible evidence that Plaintiff has presented" proves that Bonaventura Films owns a valid copyright in the Footage and Plaintiff is free to exploit it.[1] (Opp. at 15). In *CJ Prod. LLC*, plaintiffs had eight copyrights registered within five years of first publication, and two copyrights registered more than five years after first publication – all for a group of designs within the same product line. 809 F. Supp. 2d at 142-43. Given that the "overwhelming majority" of the copyrights at issue were registered within five years, the court found that the copyrights for all ten designs were valid. *Id.* at 143-44.

That is not the case here where only one alleged copyright is at issue, which was indisputably not filed within five years of first publication. Plaintiff does not point to any other admissible evidence demonstrating that it should benefit from the presumption of ownership.[2] As discussed above, Plaintiff cannot meet its burden of proving chain of title for the Footage and the Court should therefore dismiss Plaintiff's Claim No. 1 for declaratory relief.

### B.     Plaintiff Cannot Prove It Has The Right To Exploit The Footage

Plaintiff's Opposition relies overwhelmingly on the affidavits of Hasaun Muhammad and Michael Williams as its supporting evidence. The Executors have a pending motion to strike the

---

[1] Plaintiff also cites to *Graphic Design Mktg., Inc. v. Xtreme Enterprises, Inc.*, 772 F. Supp. 2d 1029 (E.D. Wis. 2011), where the court found plaintiff had prima facie evidence of a valid copyright for a preliminary injunction motion even though the copyright was not registered until ten years after first publication. (Opp. at 15). However, *Graphic Design Mktg.* is completely inapposite because the defendants in that case did not even challenge the validity of the plaintiff's copyright, and in fact the defendants "voluntarily discontinued its production of copies of" the plaintiff's copyrighted sticker headers at issue. 772 F. Supp. 2d at 1032.

[2] For purposes of summary judgment, it is unnecessary to address the issue of Plaintiff's alleged rights in the photographs shown in the Film because the majority of the Film is comprised of the Footage and Plaintiff cannot exploit the Film if it has no rights in the Footage.

affidavits of Muhammad and Michael Williams (*See* Dkt. #140). If the Court grants that motion to strike (and it should), then Plaintiff has no admissible evidence that allows its Claim No. 1 for declaratory relief to survive the Executors' motion for summary judgment. *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 123 (2d Cir. 2001) ("It is appropriate for a district court ruling on summary judgment to consider only admissible evidence."). *See also* Fed. R. Civ. P. 56(c), (e).

Indeed, all that remains of Plaintiff's Opposition are *non sequiturs* and categorically inadmissible evidence. First, Plaintiff argues that the Executors "have now waived any objection or opposition" to Plaintiff's declaratory relief claim and have made a "judicial admission" based on how the Executors referred to Plaintiff's Claim No. 1 in their summary judgment motion. (Opp. at 2). This does not make sense. The Executors' description of Plaintiff's Claim No. 1 is accurate and concise – Plaintiff seeks a declaration that it can freely exploit the Footage (and the Film containing the Footage and certain photographs). (Motion at 6). There is no legal authority for Plaintiff's contention that a party commits a waiver or a judicial admission by not reciting an opposing party's declaratory relief claim *verbatim* in a summary judgment motion.

Second, Plaintiff argues that the Executors have "statute of limitations problems" because any claim by Michael Jackson or his Estate regarding the Footage allegedly accrued in 2007. (Opp. at 7-10). Plaintiff contends that Jackson "knew" and was "fully aware" that Muhammad owned and exploited the Footage in 2007. (Opp. at 8, 10, 14). But Plaintiff has no admissible evidence to support this assertion. Plaintiff cites to the affidavits of Muhammad and Michael Williams, which should be stricken pursuant to the Executors' pending motion to strike (*See* Dkt. #140). Even if their affidavits are not stricken, Muhammad and Michael Williams have no personal knowledge or foundation about what Jackson supposedly "knew" in 2007, and, as such,

their testimony is inadmissible speculation. Fed. R. Evid. 602. Plaintiff also cites to the declarations of Raymond Markovich and Craig Williams (Opp. at 8, 10), which say and prove nothing about what Michael Jackson allegedly knew in 2007. Accordingly, the Court should reject Plaintiff's argument that any applicable statute of limitations accrued in 2007.

Moreover, Plaintiff's entire statute of limitations argument mischaracterizes the Executors' challenge to Plaintiff's exploitation of the Footage and photographs in the Film. The Executors first became aware of Plaintiff's public and commercial exploitation of the Footage in May 2014. (Langford Decl., ¶ 10, Ex. H). The Executors first became aware of Plaintiff's use of infringing photographs in the Film in June 2014. (Langford Decl., ¶¶ 16-17). Thus, the relevant date of accrual of the Executors' claims regarding the Footage and photographs was in May and June of 2014. On November 6, 2015, the Executors filed their amended counterclaim and affirmative defenses that form the basis of their challenge to Plaintiff's exploitation of the Footage and photographs in the Film. (Rosenberg Decl., Ex. M). The Executors' declaratory relief counterclaim – which states that Plaintiff cannot exploit the Footage without the Estate's approval, consent, and/or involvement – sounds in contract (*id*. at pp. 20-22 [¶¶ 25-33]), and thus was filed well within the six-year statute of limitations for contract claims. N.Y. C.P.L.R. 213(2).

While the Executors did not file a copyright infringement counterclaim, they filed affirmative defenses on November 6, 2015 that challenge the validity of Plaintiff's right to exploit the alleged copyright in the Footage as well as the photographs in the Film, including the defenses of improper copyright registration, fraud in registration, and no copyright ownership (which specified that "Plaintiff has no ownership *or other rights* to some or all of the alleged copyrights at issue"). (Rosenberg Decl., Ex. M at pp. 13-15 [¶¶ 84, 85, 86]) (emphasis added). The statute of limitations does not bar any *defenses* asserted by the Executors to Plaintiff's

copyright claim. *See* 17 U.S.C. § 507(b). And even if the statute of limitations did somehow apply to affirmative defenses, the Executors timely filed them in November 2015.

Finally, Plaintiff attacks the declaration of Evvy Tavasci[3], submitting an article from the gossip columnist Roger Friedman to make the allegation that Jackson fired Ms. Tavasci in 2005. (Opp. at 12, citing to Markovich Decl., ¶ 2, Ex. 2). This gossip article is obviously inadmissible hearsay and has no foundation. Plaintiff also submits a purported witness statement by Ms. Tavasci from 2003. (Opp. at 12-13, citing to Markovich Decl., ¶¶ 4, 14, Ex. 4). That purported witness statement is also inadmissible because it has not been authenticated and Markovich has no personal knowledge or foundation to testify about it. Fed. R. Evid. 901 and 602.

In sum, Plaintiff has no admissible evidence whatsoever to prove at trial that it has the right to publicly and commercially exploit the Footage as Plaintiff seeks to do. Thus, the Court should grant the Executors' motion for summary judgment on Plaintiff's Claim No. 1.

## POINT TWO: PLAINTIFF'S CLAIM NO. 2 FOR DAMAGES UNDER 28 U.S.C. § 2202 FAILS AS A MATTER OF LAW

Assuming *arguendo* that Plaintiff could prevail on its declaratory relief claim at trial (and it cannot), Plaintiff's claim for tortious interference damages under the guise of 28 U.S.C. § 2202 fails as a matter of law and should be dismissed at the summary judgment stage. Plaintiff cites no legal authority that holds a Section 2202 claim for damages cannot be disposed of on a motion for summary judgment. To the contrary, courts have treated a summary judgment hearing as the requisite "notice and hearing" under 28 U.S.C. § 2202. *See, e.g., Church Mut. Ins. Co. v. Spearman*, 709 F. Supp. 108, 109 (E.D. Pa. 1989) (citing *Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co.,* 255 F.2d 518 (2d Cir. 1958)). In fact, Plaintiff claims it has

---

[3] The Executors will address Plaintiff's attacks on Karen Langford and the Executors in the section on Plaintiff's Claim No. 2 for damages.

"adequately pled *and proven*" its claim for tortious interference damages. (Opp. at 20) (emphasis added). Therefore, the Court can and should resolve Plaintiff's substantive damages claim on summary judgment.

It is undisputed that the *only acts* of the Executors for which Plaintiff seeks damages in this case are the letters sent by the Executors to Plaintiff and Lightning Entertainment ("Lightning") in May and June of 2014. (Rosenberg Decl., Ex. S [Markovich Depo. Tr. at 159:20-25]). As set forth below and in the Executors' Motion, the Court should find that Plaintiff's Claim No. 2 for damages fails as a matter of law and should be dismissed.

### C.      California's Litigation Privilege Bars Plaintiff's Damages Claim

The Executors' Motion established that California Civil Code § 47 – referred to as the "litigation privilege" or "judicial-proceedings privilege" – is an absolute bar to Plaintiff's claim of tortious interference damages. Plaintiff's Opposition does not address the merits or application of California Civil Code § 47 to the claim at issue. Instead, Plaintiff simply – and wrongly – disputes that California law *in general* applies to Plaintiff's tortious interference claim.

Plaintiff first argues that the Court should apply the federal common law analysis rather than New York's choice of law analysis to determine whether California or New York law applies to Plaintiff's claim of tortious interference damages. (Opp. at 17-18). Not so. Even if jurisdiction is based solely on federal question, courts invoke the federal common law choice of law analysis only where "significant federal policy, calling for the imposition of a federal conflicts rule, exists." *In re Gaston & Snow,* 243 F.3d 599, 607 (2d Cir. 2001). Because the issue of tortious interference does not implicate a significant federal policy and "hinge[s] upon state law," New York's choice of law rules govern this claim. *Id.* at 605. *See also Specht v. Netscape Commc'ns Corp.*, 150 F. Supp. 2d 585, 591 (S.D.N.Y. 2001), *aff'd*, 306 F.3d 17 (2d Cir. 2002).

Plaintiff does not even discuss the key case cited by the Executors, *AroChem International, Inc. v. Buirkle,* 968 F.2d 266 (2d Cir. 1992), which was decided under New York's choice of law rules and held that California law should apply to a claim where, as here, California Civil Code § 47 is implicated. *Id*. at 269-71.

Plaintiff also relies on the "law of the case" doctrine to avoid California's litigation privilege. (Opp. at 18-19). "The law of the case doctrine prevents relitigation of an issue decided at an earlier point in an action only if the court was ever ***squarely presented*** with the question." *Kregler v. City of N.Y.*, 821 F. Supp. 2d 651, 660 (S.D.N.Y. 2011) (internal citations and quotations omitted) (emphasis added). Moreover, "choice of law determinations are made on a claim-by-claim basis." *In re Horizon Cruises Litig.*, 101 F. Supp. 2d 204, 207 n.1 (S.D.N.Y. 2000). This Court has never been "squarely presented" with the question of whether California or New York law should apply to Plaintiff's tortious interference claim. Choice of law has never been argued or decided in this case on that claim, and Plaintiff's reference to Markovich's disqualification under New York law is irrelevant. The "law of the case" does not apply here.

Tellingly, Plaintiff devotes only one sentence to argue that New York has a greater interest than California on the issue of tortious interference damages, stating that "Plaintiff is a New York LLC, the Shoots were done in New York, [Muhammad's company] is a New York company and New York is the forum." (Opp. at 18). But Plaintiff ignores the undisputed evidence of California's overwhelming connection to this claim, as thoroughly detailed in the Executors' Motion, which clearly outweighs New York's minimal connection. (*See* Motion at 13-16).

Accordingly, this Court should find that California Civil Code § 47's litigation privilege applies and bars Plaintiff's Section 2202 damages claim as a matter of law. (*Id*. at 14-16).

### D. New York Law Also Bars Plaintiff's Damages Claim

Citing *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc*., 2013 WL 822173 (S.D.N.Y. Mar. 6, 2013), among other directly analogous cases, the Executors' Motion demonstrated that even if New York law applies, Plaintiff's claim for tortious interference damages under Section 2202 fails as a matter of law because there is no admissible evidence that the Executors engaged in "wrongful" conduct. (Motion at 16-21).

Plaintiff ignores the *Bruce Lee Enterprises* case, and instead bizarrely points to separate, unrelated litigation involving the Estate and the Internal Revenue Service, which has nothing to do with this case and is completely irrelevant. (Opp. at 20).

Plaintiff next points to purported email communications between Karen Langford and Muhammad in 2011, which are attached as exhibits to the Affidavit of Craig Williams (Dkt. #130). These email exhibits were not produced by the Executors (and thus not subject to authentication by production) and have not otherwise been properly authenticated because Craig Williams was not copied on the emails (they were forwarded to him). Contrary to his affidavit, Craig Williams testified at his deposition that he has ***no personal knowledge*** of the alleged communications between Muhammad and Ms. Langford in 2011. (*See* Dkt. #121-17 [Ex. O] at pp. 41-42 [Craig Williams Depo. Tr. at 187:13-188:13]). The only email on this topic that is actually ***admissible*** is a January 12, 2012 email where Muhammad's attorney informed Ms. Langford that his client was seeking to sell the Footage to "private collectors." (Langford Decl., Ex. I). This comported with Ms. Langford's understanding that the Footage could not be publicly and commercially exploited without the Estate's consent. (*Id*., ¶ 14).

Plaintiff's next argument – which regards whether the Executors were physically present at the 2007 photo shoots – is a red herring. (Opp. at 20). Ms. Langford and Ms. Tavasci provided

detailed declarations in support of the Executors' Motion based on their collective fifty years of experience of working for Michael Jackson regarding his custom and practice of dealing with private video footage taken of him. Conversely, Plaintiff presents no admissible evidence from anyone *who even knew Michael Jackson*, much less anyone who was present at the 2007 photo shoots (the affidavits of Muhammad and Michael Williams should be stricken, *see* Dkt. #140).

Plaintiff's final alleged ground for "bad faith" is its claim that the Estate does not own the copyrights in the photographs (the "Photos") as alleged in the letters. (Opp. at 20). Plaintiff is wrong. Two companies wholly owned by the Estate – Optimum Productions and Triumph International, Inc. – own the copyrights in the Photos. (Langford Decl., ¶¶ 17-19).

The Executors presented ample evidence in support of their Motion proving that they acted in good faith in sending their letters to Plaintiff and Lightning in May and June of 2014, and thus they did not engage in the requisite "wrongful" conduct for Plaintiff's tortious interference claim. (Motion at 16-21). Plaintiff has failed to present any admissible evidence to genuinely dispute that material fact, and thus the Court should grant the Executors' Motion.

### E.      **Plaintiff Cannot Prove The Essential Element Of Causation**

Plaintiff's Opposition acknowledges that Lightning's stated reason in its June 26, 2014 letter to Plaintiff that terminated their Sales Agency Agreement was that Plaintiff failed to cure delivery defects for the Film. (Opp. at 22; Valle Decl., ¶ 3, Ex. B). Plaintiff, however, claims that the "real" reason that Lightning terminated the agreement was "because Plaintiff had filed suit against the Executors." (Opp. at 22). Plaintiff further claims that "the termination was no coincidence and it was not because of deliverables despite Ms. Valle's assertions." (*Id.*).

These statements have no evidentiary support and are based on inadmissible hearsay and speculation. There is no testimony from Lightning to support Plaintiff's conspiracy theory about

Lightning's "real" reason for terminating the agreement. While Lightning's May 27, 2014 letter discussed the Executors, its subsequent June 26, 2014 letter made no mention of the Executors and unequivocally stated that the termination was based on Plaintiff's delivery defects for the Film. Plaintiff has no admissible evidence to prove that the Executors' letters sent in May and June of 2014 were the legal cause of Lightning's termination of its agreement with Plaintiff. For this independent reason, the Court should grant the Executors' motion.

## CONCLUSION

For all the reasons stated in the Executors' moving brief and in this reply in further support, the Executors respectfully request that the Court grant their motion for summary judgment or, in the alternative, summary adjudication, and that this Court grant the Executors any such and further relief as it deems just and proper.

Dated: August 21, 2017         Respectfully Submitted:

                                    KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

                                    By:  /s/ Joshua M. Rosenberg
                                        Joshua M. Rosenberg (jrosenberg@kwikalaw.com)
                                        (*pro hac vice*)
                                        808 Wilshire Boulevard, 3rd Floor
                                        Santa Monica, California  90401
                                        Telephone: 310.566.9800
                                        Facsimile: 310.566.9850

                                  BLANK ROME LLP
                                        Jerry D. Bernstein (JB7631) (jbernstein@BlankRome.com)
                                        Rither Alabre (RA9280) (ralabre@BlankRome.com)
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        Telephone: 212.885.5000
                                        Facsimile: 917.332.3766

                                  Attorneys for Defendants John Branca and John McClain, Executors of the Estate of Michael J. Jackson