USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/1/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NOVAL WILLIAMS FILMS LLC,

       *Plaintiff*,

  - *against* -

JOHN BRANCA and JOHN McCLAIN, EXECUTORS
OF THE ESTATE OF MICAEL J. JACKSON,

       *Defendants*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

14 Civ. 4711 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

  Plaintiff Noval Williams Films LLC ("Noval") brings this declaratory judgment action against Defendants John Branca and John McClain, Executors of the Estate of Michael J. Jackson ("Executors"), seeking: (1) a declaration that Noval has not infringed a copyright in a video footage or photographs of the late pop star Michael Jackson ("Jackson") used in its documentary film, "Michael: The Last Photo Shoots" ("Film")[1] and has not breached, or caused a breach of, any agreement in relation to the video footage or photographs; and (2) further relief, under 28 U.S.C. §2202, based on any declaratory judgment. ECF 21 (First Amended Complaint ("FAC")) ¶ 70. Executors counterclaim, seeking a declaration that "the Estate owns the Footage and all rights therein, and/or that Plaintiff cannot commercially exploit the Footage without the Estate's approval, consent, and/or involvement." ECF 50 (First Amended Answer ("FAA")) ¶ 33.

  Executors move for summary judgment on Noval's claims, and Noval cross-moves for partial summary judgment on the Executors' counterclaim and the Noval's declaratory judgment claim. Executors also move to strike affidavits by Hasaun Muhammad and Michael Williams submitted by Noval in support of its motions. Since there are numerous factual disputes, the

---

[1] In view of the "case of actual controversy" requirement of the Declaratory Judgment Act, the Court construes this request as a request for a declaration that Noval has not infringed any copyright in the video footage or photographs *owned by Executors*.

1

parties' motions for summary judgment must be **DENIED**. The Executors' motion to strike, however, is **GRANTED**.

## BACKGROUND

Noval has produced Film exploiting: (1) parts of a video footage of Jackson at photo shoots for Vogue and Ebony ("Footage") and (2) some photographs of Jackson ("Photos"). Noval seeks a declaration that it has not infringed any copyright in the Footage and Photos; and that it has not breached, or caused a breach of, any agreement related to the Footage and Photos. *See* FAC ¶¶ 8–12, 44–46, 66, 68, 70. Executors cross-claim for a declaration that the Estate is the owner of the Footage and Photos and/or that Noval cannot exploit the Footage and Photos, without the Estate's approval. *See* FAA ¶¶ 26, 31, 33.

There is a substantial dispute over who owns the Footage. Noval contends that the Footage is owned by Bonaventura Films, LLC ("Bonaventura"), through a chain of ownership: the Footage was initially owned by Hasaun Muhammad ("Muhammad"), who subsequently transferred the ownership to Craig J. Williams/Craig J. Williams Productions, who, in turn, transferred the ownership to Bonaventura. *See* ECF 112 ("Cross Summ. J. Mem.") at 8-9; FAC ¶¶ 44–46, Exs. D, E. Bonaventura subsequently granted Noval an exclusive license to use the Footage. Executors, however, contend that the Footage is owned by the Estate. While Jackson gave permission to Muhammad to take the Footage, it was in the express condition that the Footage would be for Jackson's exclusive personal use and that Muhammad would not commercially exploit it without Jackson's consent. Muhammad understood and agreed to Jackson's conditions. FAA ¶¶ 13, 33.

Since Jackson is deceased, the only living person with direct information on the ownership issue is Muhammad. But Muhammad has proven to be more elusive than a phantom. Executors

2

have made numerous attempts to depose Muhammad; none have been unsuccessful. Although Muhammad has submitted an affidavit, he has resisted deposition. Apparently, Muhammad submitted his affidavit "so that Muhammad would not have to appear for a deposition, and because Muhammad did not want to be otherwise involved in the case." ECF 145 ("Rosenberg Decl.") ¶ 45.

Obviously the factual record is very much incomplete; but nonetheless the parties move and cross-move for summary judgment.

## **LEGAL STANDARD**

Summary judgment is available where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of any genuine dispute of material facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party has the burden of proof, the moving party need only show that there is no admissible evidence to support a necessary element of the non-moving party's claim. *Celotex*, 477 U.S. at 325. Summary judgment is warranted where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Smith v. Cnty. of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015).

## **DISCUSSIONS**

"Because a decision on the motion to strike may affect the movant's ability to prevail on summary judgment, it is appropriate to consider the Motion to Strike prior to the parties' motions for ... summary judgment." *Rund v. JPMorgan Chase Grp. Long Term Disability Plan*, 2012 WL 1108003, at *1 (S.D.N.Y. Mar. 30, 2012) (internal modifications omitted).

I.      **Motion to Strike Affidavits by Hasaun Muhammad and Michael Williams**

Executors move to strike affidavits by Hasaun Muhammad and Michael Williams ("M. Williams"), contending that Noval failed to disclose affiants' contact information on a timely basis, as required by the Federal Rule of Civil Procedure 26. *See* ECF 140, 141. The Court grants the motion, but on a different ground.[2]

The Federal Rule of Civil Procedure 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is *competent to testify* on the matters stated." (Emphasis added). As this Rule suggests, a party introducing an affidavit must make "an implicit or explicit showing that the affiant is *prepared to testify in a manner consistent with [the] affidavit*." *Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001) (emphasis added).

Noval has failed to satisfy these requirements. With respect to Muhammad's affidavit, Noval has not established, in the affidavit or in its briefs, that Muhammad is prepared to testify, much less "prepared to testify in a manner consistent with [the] affidavit." *Id.* Noval and Muhammad have treated discovery as a game of hide and seek. Noval made numerous promises to produce Muhammad for deposition, but the promises were illusory. Noval's conduct implicitly admits that it cannot produce Muhammad, even at behest of the Court. *See* ECF 137. Indeed,

---

[2] A motion to strike is not an appropriate vehicle for contesting affidavits. Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike, from a pleading an "insufficient defense or [] redundant, immaterial, impertinent, or scandalous matter." Since "[d]eclarations and affidavits are not pleadings," *Nat'l Union Fire Ins. Co. of Pittsburgh v. Hicks, Muse, Tate & Furst, Inc.*, 2002 WL 1482625, at *6 (S.D.N.Y. Jul. 10, 2002), Rule 12(f) is not available. *See also Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 334 (S.D.N.Y. Jul. 18, 2008) (Katz, Mag. J.) ("All of Plaintiff's motions to strike are improper because Federal Rule of Civil Procedure 12(f) ('Rule 12(f)') allows a court to strike pleadings only."). On summary judgment, however, "courts have been willing to view motions to strike as calling the propriety of affidavits into question." *Dragon v. I.C. Sys., Inc.*, 241 F.R.D. 424, 426 (D. Conn. 2007). *See also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988); *Brink v. Union Carbide Corp.*, 41 F. Supp. 2d 402, 403 (S.D.N.Y. Nov. 20, 1997) ("A party may move to strike affidavits or parts of affidavits that do not comply with the Rule [56 (e)]"). Therefore, the Court will consider the motion to strike.

Executors found out, during an unplanned phone call from Muhammad, that Muhammad signed his affidavit "so that Muhammad would not have to appear for a deposition, and because Muhammad did not want to be otherwise involved in the case." Rosenberg Decl. ¶ 45. Muhammad is not "prepared to testify in a manner consistent with [his] affidavit." *Santos*, 243 F.3d at 684.

Similarly, with respect to M. Williams's affidavit, Noval has not established, in the affidavit or in its briefs, that M. Williams is prepared to testify. He too is as elusive as Muhammad: M. Williams has not been reachable by any of the parties. On June 1, 2017, this Court ordered Noval to produce M. Williams for deposition and provide Executors with M. Williams's contact information. ECF 145-15 ("Rosenberg Decl., Ex. O"), 7:11-8:24. On two occasions, Noval produced what it characterized as M. Williams's contact information, including residential addresses of M. Williams, ECF 145-16, 25 ("Rosenberg Decl. Exs. P, Y"). None of the addresses were valid, however. Residence at one of the two addresses was occupied by someone who has lived there for about five years and does not know of M. Williams. ECF 143 ("Centeno Decl.") ¶ 4. The other address corresponded to an apartment building, and the staff in the leasing office was unwilling to confirm whether M. Williams lives there. ECF 142 ("Ordorica Decl.") ¶ 4. After appropriate, reasonable search, Executors could not find M. Williams. Noval has not been able to cure that either. If M. Williams cannot be reached with reasonable diligence, the Court cannot find that M. Williams is prepared to testify.

Accordingly, the Court grants the motion to strike the affidavits by Hasaun Muhammad and M. Williams, submitted at ECF 113, 126, and 127. The Court directs the Clerk of Court to strike docket entries ECF 113, 126, and 127.

## II. Executors' Motion for Summary Judgment by Executors on Noval's Declaratory Judgment Action

Noval's declaratory judgment action seeks three declarations: (1) Noval has not infringed any copyright in the Footage ("First Request"); (2) Noval has not infringed any copyright in the Photos ("Second Request"); and (3) Executors have no valid claim for breach of agreement, inducement of breach of agreement, or tortious interference with agreement ("Third Request"). Noval also requests further relief under 18 U.S.C. § 2202 in case the Court grants all or part of the requested declaratory relief ("Fourth Request"). Executors' motion for summary judgment on all four requests is denied.

### (1) Declaration of Copyright Non-Infringement With Respect to Footage

#### i. Executors must establish, as a matter of law, that Estate owns copyright.

In a declaratory judgment action seeking a declaration that intellectual property is not infringed, the burden of proof remains with the owner of the intellectual property who must establish infringement. *See Medtronic, Inc. v. Mirowski Family Ventures*, LLC, 134 S. Ct. 843 (2014) (holding that when a declaratory judgment plaintiff seeks a declaration that there is no patent infringement, a declaratory judgement defendant (*i.e.*, the patent owner) retains the burden of proof to establish that the patent has been infringed); *Classic Liquor Importers, Ltd. v. Spirits Int'l B.V.*, 201 F. Supp. 3d 428 (S.D.N.Y. Aug. 19, 2016) (extending *Medtronic* to the trademark context). Therefore, the declaratory judgement defendant has to establish infringement as a matter of law. Since an element of a copyright infringement claim is copyright ownership, the declaratory judgement defendant must establish the copyright ownership *as a matter of law*, if she is to prevail on summary judgment. *See Effie Film, LLC v. Murphy*, 932 F. Supp. 2d 538, 553 (S.D.N.Y. Mar. 22, 2013), *aff'd*, 564 F. App'x 631 (2d Cir. 2014) (A copyright infringement claim is established

with "two elements: ownership of a copyright and the copying of original elements in the copyrighted work" by the alleged infringer).

    **ii.** <u>Executors have not established, as a matter of law, that Estate owns copyright.</u>

Executors have not established the copyright ownership as a matter of law.[3] Copyright in a work vests initially in the author of the work, unless the ownership is governed by a contract. 17 U.S.C. §§ 201(a), (b); *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 380 F.3d 624, 634 (2d Cir. 2004) (The 1976 Copyright Act provides default rules for "determining who owns the copyright in the event that a contract does not specify ownership"). Jackson is evidently not the author of the Footage. Thus, the only way Jackson could own the copyright is through a contract that assigns the copyright to Jackson.

The existence of that contract, however, has not been established. Executors submit declarations of Ms. Tavasci (a former personal assistant of Jackson) and Ms. Langford (a paralegal at a law firm where one of the Executors, John Branca, is a partner), indicating that Jackson had a well-established custom and practice of controlling ownership and exploitation of video footage and photographs of himself. *See* ECF 103 ("Tavasci Decl.") ¶¶ 3–5; ECF 106 ("Langford Decl.") ¶¶ 4–6, 11. Jackson's custom and practice were that such footage was shot either as a work-for-hire for Jackson, and/or under a nondisclosure agreement. *See* Langford Decl. ¶¶ 5, 11. Based on their personal experience, Langford and Tavasci opine: Jackson "never would have allowed [Muhammad] to shoot private footage or capture private images of Mr. Jackson (e.g., during a

---

[3] Instead of establishing the requisite copyright ownership, Executors have chosen to allege that Noval cannot prove the existence of its right in the Footage. *See* ECF 101 ("Summ. J. Mem.") 6–10. That is presumably based on a misunderstanding of Noval's claim. Noval does not seek a declaration that it has the right to exploit the Footage. Instead, Noval "seeks from the Court a declaration(s) that Plaintiff [*i.e.*, Noval] has not infringed any copyrights concerning the Photos and that Plaintiff has not infringed any copyrights concerning the Exploited Footage, and concerning the Exploited Footage, that Defendants [i.e., Executors] have no valid claims for breach of an alleged agreement or an inducement of breach of such alleged agreement or tortious interference of such alleged agreement." FAC ¶ 70.

7

photo shoot) and then publicly and commercially exploit that footage or images without Mr. Jackson's prior approval, consent, and/or involvement." Langford Decl. ¶ 6; Tavasci Decl. ¶ 5. *See also* FAA, ¶¶ 13, 30.

These declarations, however, do not establish an assignment contract as a matter of law. Langford and Tavasci strongly suggest that unless Muhammad had agreed to be bound by Jackson's custom and practice, Jackson would not have allowed Muhammad to video-tape Jackson's photo shoot. That may well be true; but these declarations by themselves are not conclusive evidence that Muhammad had indeed agreed to be bound by Jackson's custom and practice. Well-established custom and practice do not, as a matter of law, establish Muhammad's agreement to be bound by them. A fact finder may well choose to believe Langford and Tavasci; but at summary judgment, the Court "should not ... assess the credibility of [Langford and Tavasci]. These determinations are within the sole province of the jury." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996).

Accordingly, Executors have not established the copyright ownership as a matter of law. Executors' motion for summary judgment on Noval's First Request for a declaration is denied.

### (2) Declaration of Copyright Non-Infringement With Respect to Photos

Similarly, Executors must establish, as a matter of law, that Estate owns copyright to Photos. At present, however, Executors have not. Executors' witness, Langford, states that the Estate owns the copyright in Photos because the copyright is owned by companies that are, in turn, wholly owned by the Estate: Triumph International, Inc. ("Triumph") and Optimum Productions ("Optimum"). Langford Decl., ¶¶ 17–20. It is not clear, however, whether her statement regarding Estate's ownership of Triumph and Optimum is admissible because Langford does not support it with any official documentation and does not establish how she has personal knowledge of it. It

8

is also not strictly true that Triumph and Optimum own the copyright in Photos because the copyright registrations indicate that copyright in two of the Photos is actually claimed by Douglas Kirkland, not Triumph or Optimum. *See* Langford Decl., Ex. K, EMJ 00070–73. Langford asserts that Optimum is the owner, not Kirkland, and that Kirkland so confirms in the purported settlement. Langford Decl., ¶ 17. This is a long way from being dispositive. It may well be true that the Estate owns Triumph and Optimum, and that Triumph and Optimum own the copyright in Photos, but that has not been conclusively established.

Accordingly, the Court denies the motion for summary judgment on the Second Request.

### (3) Declaration of No Breach of Agreement

Executors have not established any breach of agreement, or an inducement of breach of agreement, as a matter of law. In their summary judgment motion, Executors have not even attempted to establish that Noval took an action to breach, or to cause the breach of, any agreement. Accordingly, the Court denies the motion for summary judgment on the Third Request.

### (4) Further Relief under 28 U.S.C. § 2202

Executors' motion for summary judgement on the claim for further relief under 28 U.S.C. § 2202 is premature. The underlying claim for declaratory judgment has yet to be adjudicated. The claim for further relief need not fail merely because Noval's complaint did not plead any fact to support the claimed relief, as Executors suggest. Noval need not even prove the claim for further relief in the original action for declaratory relief. *See Fred Ahlert Music Corp. v. Warner Chappell Music, Inc.*, 155 F.3d 17, 25 (2d Cir. 1998) (A "district court may grant further relief, including monetary damages, whether or not it had been demanded, or even proved, in the original action for declaratory relief." (internal modifications and quotations omitted)). Accordingly, the Court denies the motion for summary judgment on the Fourth Request as premature.

### III. Noval's Motion for Partial Summary Judgment

#### (1) Executors' Counterclaim

Noval cross-moves for summary judgment on the Executors' counterclaim for a declaration that "the Estate owns the Footage and all rights therein, and/or that Plaintiff [*i.e.*, Noval] cannot commercially exploit the Footage without the Estate's approval, consent, and/or involvement." ECF 111. The motion is denied.

To prevail on summary judgment, Noval has to establish, as a matter of law, that Executors cannot prove ownership of the Footage and rights therein. Noval attempts to prove, instead, that the Footage is owned by Bonaventura. *See* Cross Summ. J. Mem. at 8–9. Noval, however, has failed to do so.

Noval claims that Bonaventura gained ownership of the Footage through a chain of title: the Footage was initially owned by Muhammad; Muhammad transferred the ownership to Craig J. Williams/Craig J. Williams Productions; Williams, in turn, transferred the ownership to Bonaventura. *See id.*; FAC ¶¶ 44–46, Exs. D, E. Then Bonaventura granted an exclusive license to Noval. This chain of title, however, is flawed *ab initio*: Noval cannot establish that Muhammad was indeed the initial owner, and had the right or ability to transfer ownership. Noval attempts to establish it by relying on affidavits by Muhammad and M. Williams. *See* Cross Summ. J. Mem. at 8–9. But affidavits by Muhammad and M. Williams lack evidentiary weight and they have been stricken. *See supra*, § I. Accordingly, there is no admissible evidence to establish that Muhammad was the initial owner. Besides, Executors have adduced sworn declarations suggesting that the Estate owns the Footage, raising a genuine factual question concerning ownership. *See supra*, § II(1)(ii).

Accordingly, Noval has not met its burden to prevail on summary judgment—the motion

is denied.

**(2) Noval's Declaratory Judgment Claim**

Noval cross-moves for summary judgment on its own claim for declaratory judgment. ECF 111. The motion is denied.

### i. Declaration of Copyright Non-Infringement With Respect to Footage

Noval contends that: (1) the Executors cannot establish copyright ownership as a matter of law; and (2) the copyright claims are time-barred by the three-year statute of limitations. Each is discussed in turn.

1. <u>Noval has not shown that Executors cannot establish copyright ownership as matter of law.</u>

"A party seeking summary judgment on a claim of non-infringement of copyright must establish that at least one element of the alleged infringement cannot be proven as a matter of law." *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 292 (S.D.N.Y. Feb. 21, 2014). Here, Noval attempts to show that Executors cannot prove copyright ownership as a matter of law. As discussed above, however, Executors have adduced sworn declarations that raise a genuine factual question concerning ownership. *See supra*, § II(1)(ii). Accordingly, Noval has failed to establish that "at least one element of the alleged infringement cannot be proven as a matter of law." *DRK Photo*, 998 F. Supp. 2d at 292.

2. <u>Noval has not established that copyright claims are time-barred.</u>

Under the Copyright Act, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507 (b). Noval contends that, even if the Estate owns the copyright in Footage, the Executors cannot bring an action for copyright infringement because any copyright claim is barred by the statute of limitations. *See* ECF 155 ("Reply Cross Summ. J. Mem.") at 4–5. Noval contends that both the

ownership claim (a challenge to copyright ownership) and the infringement claim (a challenge to an act as copyright infringement) are time-barred. Noval is incorrect.

### Copyright ownership claim

"An ownership claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right." *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011) (internal quotations omitted). Noval argues that the cause of action for the ownership claim accrued in 2007, when Jackson became "fully aware" that Muhammad owned and exploited the Footage. ECF 133 ("Opp'n. Summ. J. Mem.") at 8. Noval attempts to establish Jackson's knowledge using (1) the affidavits by Muhammad and M. Williams, and (2) screenshots of a video streaming website suggesting that the Footage was made publicly available in 2007 and 2009. *Id.* Jackson, of course, is not available and the affidavits have been stricken. *See supra*, § I. They lack evidentiary weight. Also, the screenshots of a video streaming site cannot establish Jackson's knowledge because no one can establish that Jackson actually watched the Footage from that video streaming site.

There is some evidence suggesting that, by February 11, 2011, Langford, as an agent of the Estate, had access to a portion of the Footage and was aware of Muhammad's claim to the ownership to the Footage. *See* ECF 114-6 (Craig J. Williams Aff., Ex. F), 36. The record is, however, far from clear as to (1) what Ms. Langford had access to and (2) whether "a reasonably diligent [party] would have been put on inquiry as to the existence of a right" to the Footage. *Kwan*, 634 F.3d at 228. Accordingly, the Court cannot find, as a matter of law, that the ownership claim accrued on February 11, 2011.

*Copyright infringement claim*

"A copyright [infringement] claim [] arises or *accrues when an infringing act occurs.*" *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014) (emphasis added). The Supreme Court makes clear that "the separate-accrual rule attends the copyright statute of limitations." *Id.* "Under that rule, when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete claim that accrues at the time the wrong occurs." *Id.* (modifications omitted).

Noval appears to contend that copyright infringement claims are time-barred because Executors failed to bring a claim by 2010, three years after Jackson allegedly was made aware of the infringing activities. Opp'n. Summ. J. Mem. at 8–9. Notwithstanding the lack of evidence to support Jackson's knowledge in 2007, *see supra*, that contention is legally incorrect. Under the separate-accrual rule, the time-barred copyright claims for past infringing activities are not a blank check for future copyright violations. *See Petrella*, 134 S. Ct. at 1969. Even if copyright claims for infringing activities in 2007 are time-barred, a copyright claim can still be brought for any infringing activities that occurred within the three-year limitations period. Since Noval has not established that it did not engage in any infringing activities within the three-year period, Noval has not established that the statute of limitations has run for all infringing activities.

Accordingly, the motion for summary judgment on the First Request is denied.

### ii. Declaration of Copyright Non-Infringement With Respect to Photos

Noval moves for summary judgment on its claim for a declaration that its use of Photos does not infringe the copyright in Photos. Noval contends that (1) any copyright claim for the use

13

of Photos is time-barred by the three-year statute of limitations and (2) its use of Photos is protected by the fair use doctrine. Cross Summ. J. Mem. at 13–14. Again, not so.

### 1. Noval has not established that copyright claims are time-barred.

As discussed in § III (2)(i)(2), under the separate-accrual rule, the statute of limitations for a copyright infringement claim runs separately for each infringing act. Therefore, an infringement claim for infringing activities that occurred within the three-year limitations period has not run. Since Noval has not established that there were no infringing activities within the three-year period, it has not established that the statute of limitations has run.

### 2. Noval has not established that fair use doctrine applies as matter of law.

Under the fair use doctrine, "the fair use of a copyrighted work ... for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research is not an infringement of copyright." 17 U.S.C. § 107. "[W]hether the use made of a work in any particular case is a fair use" is determined based on four statutory factors:

> "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work."

*Id.* These factors are to be "weighed together, in light of the purposes of copyright." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578, 114 S. Ct. 1164, 1171 (1994).

Noval asserts that its use of Photos is protected as fair use because Photos comprise only 1.45% of the Film's runtime. Cross Summ. J. Mem. at 14. The limited runtime of Photos within Film is, however, irrelevant to the fair use analysis. Rather, the question is whether a substantial portion of the Photos was used in Film. *See* 17 U.S.C. § 107 (3). Noval fails to show that only a

small portion of Photos appears in Film. Noval also fails to establish how other statutory factors support its assertion of fair use. Given the scant state of evidence available to the Court, the Court cannot find, as a matter of law, that the use of Photos is protected as fair use.

Accordingly, the motion for summary judgment on the Second Request is denied.

### iii. Declaration of No Breach of Agreement

Noval moves for summary judgment on the Third Request: a declaration that Noval has not breached any agreement, or caused breach of any agreement, with Executors. Noval's motion is grounded on a contention that Noval has an exclusive license to exploit the Footage from the owner of the Footage, Bonaventura. *See* Cross Summ. J. Mem. at 11–12. Notwithstanding the fact that the Court fails to see the relevance of copyright ownership to the Third Request, Noval nonetheless has failed to establish that Bonaventura is the owner of the Footage. *See supra*, §III(1). Accordingly, the motion for summary judgment on the Third Request is denied.

## CONCLUSION

For the foregoing reasons, the Court denies the Executors' motion for summary judgment; denies Noval's cross-motion for partial summary judgment; and grants the motion to strike the affidavits by Muhammad and M. Williams.

The Clerk of the Court is directed to strike affidavits at ECF 113, 126, and 127 and close all pending motions.

Dated: New York, New York
      January 11, 2018

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge